UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                              :

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,  :
and VERIZON COMMUNICATIONS INC.,         :

                                         :

                       Petitioners,         :

                                       :

       vs.                          :        No. 08 CV 427 (LAK)

                                       :

PATRICIA BROWN, HAROLD P. SCHROER, and   :
DAWN M. ZOBRIST, on an individual basis and on  :
behalf of others similarly situated,          :

                                       :

                    Respondents.      :

                                       :
-----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO
## RESPONDENTS' MOTION TO DISMISS PETITION TO VACATE

Henry Weissmann
Hojoon Hwang
Jonathan H. Blavin
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA  90071-1560
Tel:  213-683-9100 – Fax:  213-687-3702

Jeffrey S. Jacobson
Carl Micarelli
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY  10022-3916
Tel:  212-909-6000 – Fax: 212-909-6836

Attorneys for Petitioners Cellco Partnership
d/b/a Verizon Wireless and Verizon
Communications Inc.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

ARGUMENT ...................................................................................................... 3

I.    THIS COURT HAS JURISDICTION UNDER THE FAA TO REVIEW
      THE ARBITRATOR'S CLASS DETERMINATION AWARD ......................... 3

      A.    The Parties Expressly Intended for the Class Determination Award
            to Be "Final" and Reviewable................................................................. 3

            1.    An Arbitral Award Is Reviewable if the Parties So Intended........ 3

            2.    The Parties' Contract, Incorporating the AAA's Rules,
                  Expressly Provides for Judicial Review of Class
                  Certification ................................................................................ 6

      B.    The Class Determination Award Is Separate and Independent From
            Liability and Damages .......................................................................... 12

      C.    The Award Is Reviewable Despite the Arbitrator's Retention of
            Jurisdiction to Change the Award in the Future ..................................... 14

II.   EVEN WITHOUT A FINAL AWARD, THIS COURT WOULD HAVE
      POWER TO RESTRAIN RESPONDENTS FROM PROCEEDING IN
      AN ARBITRATION IN WHICH THE ARBITRATOR EXCEEDED HIS
      AUTHORITY .................................................................................................. 17

III.  VERIZON WIRELESS PROPERLY FILED A PETITION AND
      MOTION TO VACATE PURSUANT TO THE FAA........................................ 18

IV.   RESPONDENTS' ARGUMENTS ON THE MERITS FAIL ............................ 19

CONCLUSION................................................................................................... 20

## TABLE OF AUTHORITIES

Page

### Federal Cases

*Am. Postal Workers Union v. U.S. Postal Serv.*,
 422 F. Supp. 2d 240 (D.D.C. 2006) ................................................................. 15

*Andrea Doreen, Ltd. v. Building Material Local Union 282*,
 250 F. Supp. 2d 107 (E.D.N.Y. 2003) ................................................................ 5

*Application of York Hannover Holding A.G. v. Am. Arbitration Ass'n,*
 No. 92 CIV. 1643 (CSH), 1993 WL 159961 (S.D.N.Y. May 11, 1993) ...................... 7

*AT&T Corp. v. Coeur d'Alene Tribe*,
 295 F.3d 899 (9th Cir. 2002) ............................................................................ 3

*British Ins. Co. of Cayman v. Water Street Ins. Co., Ltd.*,
 93 F. Supp. 2d 506 (S.D.N.Y. 2000).................................................................. 11

*Clarendon Nat'l Ins. Co. v. Kings Reinsurance Co., Ltd.*,
 241 F.3d 131 (2d Cir. 2001)............................................................................. 19

*Clarendon Nat'l Ins. Co. v. TIG Reinsurance Co.*,
 990 F. Supp. 304 (S.D.N.Y. 1998)..................................................................... 13

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*,
 502 F.3d 91 (2d Cir. 2007).............................................................................. 16

*Corporate Printing Co., Inc. v. New York Typographical Union No. 6*,
 No. 93 CIV. 6796 (SS), 1994 WL 376093 (S.D.N.Y July 18, 1994) ....................... 6

*Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*,
 529 U.S. 193 (2000)........................................................................................ 13

*Dalal v. Goldman Sachs & Co.*,
 No. 06-1061 (EGS), 2007 WL 1334972 (D.D.C. May 7, 2007) .............................. 15

*Dealer Computer Services, Inc. v. Dub Herring Ford*,
 489 F. Supp. 2d 772 (E.D. Mich. 2007).............................................................. 9

*Dealer Computer Servs., Inc. v. Champion Ford*,
 No. 07-13174, 2008 WL 205249 (E.D. Mich. Jan. 24, 2008) ............................... 9

*Dean Witter Reynolds, Inc. v. Byrd*,
 470 U.S. 213 (1985)......................................................................................... 5

*First Options of Chicago, Inc. v. Kaplan*,
 514 U.S. 938 (1995)................................................................................... 17, 18

*Fradella v. Petricca*,
 183 F.3d 17 (1st Cir. 1999).............................................................................. 15

*Genus Credit Mgmt. Corp. v. Jones*,
 No. Civ. JFM-05-3028, 2006 WL 905936 (D. Md. Apr. 6, 2006) ................... 9, 10, 11

*Goldman v. Architectural Iron Co.*,
 No. 01 CIV 8875 DLC, 2001 WL 1705117 (S.D.N.Y. Jan. 15, 2001)................... 6, 12

*Hart Surgical, Inc. v. Ultracision, Inc.*,
 244 F.3d 231 (1st Cir. 2001)......................................................................... 4, 5

*Home Indem. Co. v. Affiliated Food Distribs., Inc.*,
 No. 96 Civ. 9707 (RO), 1997 WL 773712 (S.D.N.Y. Dec. 12, 1997) ................ 11, 12

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Arbitration between Advest, Inc. and Asseoff*,
No. 92 Civ. 2269 (KMW), 1993 WL 119690 (S.D.N.Y. April 14, 1993)................... 12

*In re IPO Securities Litig.*,
471 F.3d 24 (2d Cir. 2006)......................................................................................... 13

*Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers Shopmen's Local Union
501 v. Burtman Iron Works, Inc.*,
928 F. Supp. 83 (D. Mass. 1996) .......................................................................... 14, 15

*Island Creek Coal Sales Co. v. Gainesville*,
729 F.2d 1046 (6th Cir. 1984) ................................................................................... 13

*JSC Surgutneftegaz v. President and Fellows of Harvard College*,
No. 04 Civ. 6069 (RMB), 2007 WL 3019234 (S.D.N.Y. Oct. 11, 2007)...................... 9

*Kerr-McGee Ref. Corp. v. M/T Triumph*,
924 F.2d 467 (2d Cir. 1991)....................................................................................... 12

*Kruse v. Sands Brothers & Co., Ltd.*,
226 F. Supp. 2d 484 (S.D.N.Y. 2002)........................................................................ 18

*Loewen v. United States*,
No. Civ.A. 04-2151 (RWR), 2005 WL 3200885 (D.D.C. Oct. 31, 2005)................... 16

*Long John Silver's Restaurants, Inc. v. Cole*,
--- F.3d ----, No. 05-1259, 2008 WL 217137 (4th Cir. Jan. 28, 2008) .......................... 9

*Marron v. Snap-On Tools, Co., LLC*,
No. Civ. 03-4563(FSH), 2006 WL 51193 (D.N.J. Jan. 9, 2006) ........................... 10, 11

*Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*,
107 F.3d 979 (2d Cir. 1997)....................................................................................... 17

*Merrill Lynch Investment Managers v. Optibase, Ltd.*,
337 F.3d 125 (2d Cir. 2003).................................................................................. 17, 18

*Metallgesellschaft A.G. v. M/V Capitan Constante*,
790 F.2d 280 (2d Cir. 1986)................................................................................... 5, 12

*Michaels v. Mariforum Shipping, S.A.*,
624 F.2d 411 (2d Cir.1980)...................................................................................... 4, 5

*Perpetual Sec., Inc. v. Tang*,
290 F.3d 132 (2d Cir. 2002)....................................................................................... 19

*Providence Journal Co. v. Providence Newspaper Guild*,
271 F.3d 16 (1st Cir. 2001)........................................................................................... 5

*Rollins, Inc. v. Garrett*,
No. 6:05-CV-671-PCF-KRS, 2005 WL 2149293 (M.D. Fla. Sept. 6, 2005) ................ 9

*Sperry Int'l Trade v. Gov't of Israel*,
532 F. Supp. 901 (S.D.N.Y. 1982)........................................................................ 12, 13

*Stolt-Nielsen SA v. Animalfeeds Int'l Corp.*,
435 F. Supp. 2d 382 (S.D.N.Y. 2006)......................................................................... 9

*Sutter v. Oxford Health Plans LLC*,
No. 05-5223, 2007 WL 625625 (3d Cir. Feb. 28, 2007) ...................................... 9, 11

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Trade & Transport, Inc. v. Natural Petroleum Charterers, Inc.,*
  931 F.2d 191 (2d Cir. 1991).................................................................. 4, 6, 8
*Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Cont'l Casualty Co.,*
  37 F.3d 345 (7th Cir. 1994) ........................................................... 13
*Yonir Techs., Inc. v. Duration Sys. (1992) Ltd.,*
  244 F. Supp. 2d 195 (S.D.N.Y. 2002)........................................................ 12

### State Cases

*Cheng v. Oxford Health Plans, Inc.,*
  846 N.Y.S.2d 16 (N.Y. App. Div. 2007) ....................................... 9
*John M. O'Quinn, P.C. v. Wood,*
  No. 12-07-00050-CV, 2007 WL 4465296 (Tex. Ct. App. Dec. 21, 2007)............. 10, 11
*TES Franchising v. Kastel,*
  No. CV064021842, 2007 WL 1748141 (Conn. Super. Ct. May 25, 2007) ................... 9

### Federal Statutes

9 U.S.C. § 1 ..................................................................................... 1
9 U.S.C. § 10................................................................................ 3, 15, 19
9 U.S.C. § 10(a) ............................................................................ 3
47 U.S.C. § 201(b) ........................................................................ 3

### Federal Rules

Fed. R. Civ. Proc. 23(f).................................................................. 2, 16

Petitioners Cellco Partnership d/b/a Verizon Wireless and Verizon Communications Inc. (collectively "Verizon Wireless") respectfully submit this memorandum of law in opposition to Respondents' Motion to Dismiss the Petition to Vacate ("Motion").

## **INTRODUCTION**

Verizon Wireless brought this action to vacate an award issued in an American Arbitration Association ("AAA") arbitration certifying two nationwide classes comprising tens of millions of current and former Verizon Wireless customers (the "Award"). As discussed more fully in Verizon Wireless's Motion to Vacate, filed on February 11, 2008, the Award exceeds the limits of the Arbitrator's authority by certifying a class that includes customers whose agreements expressly prohibit class arbitration and by violating settled standards for class certification.

This Court has jurisdiction to review the Award because the parties specifically incorporated into their arbitration agreement the AAA's Supplementary Rules for Class Arbitration, which provide that the Award is a "partial final award" subject to immediate judicial review. Under controlling and uniform authority, that expression of intent is sufficient to render an award "final" and immediately reviewable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. For that reason, federal courts in near unanimity have exercised jurisdiction to review interim AAA class arbitration awards. Moreover, even if the parties had not expressly agreed that the award is "final" and subject to immediate judicial review, this Court nonetheless would possess jurisdiction to review the Award because it involves an issue that is separate and independent from those remaining in the case.

The possibility that the Arbitrator may amend or modify the Award at a later date does not affect this Court's jurisdiction to review the Award as rendered. The provision in the

Supplementary Rules generally stating that an arbitrator retains jurisdiction to modify the award at a later stage of the proceedings does not and cannot displace the parties' unmistakable intent, as demonstrated by the Rules as a whole, that the Award is "final" and subject to immediate judicial review.  Moreover, even in the absence of an express intent to make an award immediately reviewable, the Arbitrator's authority to modify or amend the Award does not defeat finality.  And in the analogous judicial context, under Federal Rule of Civil Procedure 23(f), federal appellate courts may review on an interlocutory basis class certification orders despite the fact that such orders are potentially subject to modification or amendment by the district court as the case advances.  The case for judicial review is even stronger here given the parties' intent that the Award be "final" and subject to immediate review, and the arbitration rules providing for such review.

Alternatively, even if the Court were to conclude that the Award is not "final," the Court would have the power now to restrain Respondents from proceeding in this arbitration given that the Arbitrator is acting in excess of his jurisdictional authority.

Respondents' remaining arguments are groundless.  Respondents' contention that the filing of a petition to vacate alone is insufficient to vacate an award must be rejected as moot, because Verizon Wireless has, in fact, filed a motion to vacate.  Verizon Wireless's motion to vacate also answered Respondents' erroneous attacks on the merits of Verizon Wireless's petition.

## **BACKGROUND**

The procedural history of this proceeding is described in Verizon Wireless's Motion to Vacate, filed on February 11, 2008.  In brief, this case arises out of an arbitration proceeding

conducted under the auspices of the AAA.  Although the arbitration grew out of two cases originally filed in state courts in Illinois and Florida, the arbitration was conducted in Manhattan.

The arbitration concerns the validity of a $175 early termination fee ("ETF") that applies to customers who terminate service before the end of their contract term.  On January 10, 2008, the Arbitrator issued a Class Determination Award certifying two classes covering customers throughout the nation (except California) (the "Award").

On January 16, 2008, Verizon Wireless filed a petition to vacate the Award in this judicial district.  Contrary to Respondents' suggestion that the petition was filed "in the wrong court" (Memorandum of Law in Support of Respondents' Motion to Dismiss ("MTD") at 1), a petition to vacate may be filed in the United States District Court "in and for the district wherein the award was made . . . ."  9 U.S.C. § 10(a).  Here, the Award was made in the Southern District of New York.  In the arbitration, moreover, respondents added a claim that the ETF violates 47 U.S.C. § 201(b), as to which the federal courts have exclusive jurisdiction, *see AT&T Corp. v. Coeur d'Alene Tribe*, 295 F.3d 899, 905 (9th Cir. 2002), and therefore was not a part of and could not have been asserted in the actions in Illinois and Florida state courts.

## ARGUMENT

### I.    THIS COURT HAS JURISDICTION UNDER THE FAA TO REVIEW THE ARBITRATOR'S CLASS DETERMINATION AWARD

#### A.    The Parties Expressly Intended for the Class Determination Award to Be "Final" And Reviewable

##### 1.    An Arbitral Award Is Reviewable if the Parties So Intended

A court has jurisdiction to review an interim arbitral award if the parties intended that the arbitrator render a separate award on a particular claim or issue, particularly where the parties intended that such an award be immediately reviewed by the court.  In such circumstances, the

parties' agreement establishes that the interim award is sufficiently "final" to warrant judicial review, even if there are other claims or issues that remain to be decided by the arbitrator.  As explained below, the rules that the parties agreed would apply to the arbitration make this intent plain.

In *Trade & Transport, Inc. v. Natural Petroleum Charterers, Inc.*, 931 F.2d 191 (2d Cir. 1991), the parties agreed to bifurcate the issues submitted to arbitration, requesting an "immediate" decision on liability and reserving the damages question for later decision by the arbitral tribunal.  *Id.* at 192-93.  In accordance with this request, the arbitration panel issued a "partial final award" with respect to liability.  *Id.* at 193.  The Second Circuit affirmed the district court's decision that the award was final, holding that if the "parties agree that the [arbitral] panel is to make a final decision *as to part of the dispute*, the arbitrators have the authority and responsibility to do so."  *Id.* at 195 (emphasis added).

Many courts have applied the *Trade & Transport* rule in holding that the parties may agree to define an award's finality for purposes of determining which awards are subject to immediate judicial review.  In *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231 (1st Cir. 2001), for example, the First Circuit held that where the parties expressly agreed to bifurcate the arbitration into liability and damages phases, the "liability determination is final and subject to district court review."  244 F.3d at 235.  The court emphasized the "definiteness with which the parties have expressed an intent to bifurcate," as well as the understanding of both the parties and the arbitral tribunal that the liability award would be "final."  *Id.*  The *Hart* court distinguished *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir.1980), upon which Respondents heavily rely (MTD at 5-6, 8), on the grounds that the parties in that case had not formally agreed to bifurcation.  As the First Circuit said:

> In *Michaels* . . . the Second Circuit was careful to say that '*[g]enerally*, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability . . . but also the issue of damages.' In that case, however, the arbitration panel decided on its own to issue an 'interim' award- there was no formal bifurcation.
>
> By contrast, the parties here submitted, in a discrete proceeding, all of the evidence pertaining to the issue of liability.

*Hart Surgical*, 244 F.3d at 235 (emphasis added by Hart court; citation omitted); see also

*Providence Journal Co. v. Providence Newspaper Guild*, 271 F.3d 16, 20 (1st Cir. 2001)

(reviewing liability award where "both the parties and the arbitrator agreed to bifurcate the

arbitral proceeding and understood the determination of liability to be a final award").

The rule that the parties' agreement to bifurcate results in an immediately-reviewable

"final" award implements the foundational principle that the parties may define by their

agreement the scope of arbitration, as well as the relationship between the arbitral tribunal and

the courts. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985) (upholding parties'

agreement to arbitrate certain issues but not others and stating that "preeminent concern of

Congress in passing the Act was to enforce private agreements into which parties had entered,

and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is

'piecemeal' litigation"); *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 282-

83 (2d Cir. 1986) (court's holding that judicial review of an interim award resolving independent

and separate issues complies with congressional intent that courts enforce parties' arbitration

agreements (citing *Dean Witter*, 470 U.S. 213)); *Hart Surgical*, 244 F.3d at 235 n.3 (same).

A number of district courts within this Circuit similarly have held that an interim

arbitration award on a specific claim or issue is final and immediately judicially reviewable if the

parties so agree. In *Andrea Doreen, Ltd. v. Building Material Local Union 282*, 250 F. Supp. 2d

107 (E.D.N.Y. 2003), for example, the court noted that "[n]ormally, for an arbitration award to

be deemed final, the arbitrator must have determined damages in addition to liability." *Id*. at

112. Citing *Trade & Transport*, the court held that "[h]ere, however, the *parties agreed* during

an arbitration hearing to bifurcate liability from remedy. . . . Therefore, the Arbitrator's decision

as to liability can be deemed 'final' and confirmed by this Court." *Id*. (emphasis added).

Because the "parties, *by agreement*, made liability a separate and independent claim from

damages," the award could "be confirmed 'notwithstanding the absence of an award that finally

disposes of all claims that were submitted to arbitration.'" *Id*. at 112-13 (emphasis added); *see

also Goldman v. Architectural Iron Co*., No. 01 CIV 8875 DLC, 2001 WL 1705117, at *4

(S.D.N.Y. Jan. 15, 2001) ("Because the parties agreed to bifurcate the determination of AIC's

attorney's fees, the Arbitrator has finally decided the substantive claims presented to him. . . .

Since the arbitration award is final, this petition is not premature."); *Corporate Printing Co., Inc.

v. New York Typographical Union No. 6*, No. 93 CIV. 6796 (SS), 1994 WL 376093, at *5

(S.D.N.Y July 18, 1994) (citing *Trade & Transport* and noting that partial interim award should

be considered "final" and reviewed by court where "parties agreed to bifurcate the liability and

remedy issues, and submitted to Impartial Arbitrator Sands the liability portion of their dispute,

for immediate resolution").

> **2.** <u>The Parties' Contract, Incorporating the AAA's Rules, Expressly Provides
> for Judicial Review of Class Certification</u>

By incorporating the AAA's Supplementary Rules for Class Arbitration into their

arbitration agreement, the parties expressly agreed that the Award would be "final" and subject

to immediate judicial review. The parties' agreement states that arbitration is to be conducted

pursuant to the rules of the AAA. *See* Exs. 15-17[1]. This constitutes an agreement to be bound

by the applicable AAA rules. *Application of York Hannover Holding A.G. v. Am. Arbitration*

*Ass'n*, No. 92 CIV. 1643 (CSH), 1993 WL 159961, at *5 (S.D.N.Y. May 11, 1993) ("York has

pursued arbitration before the AAA, and the AAA Rules were incorporated by reference into the

purchase agreement between York and McDermott. York is therefore bound by those Rules.").

Specifically, the parties are bound by the AAA Supplementary Rules for Class Arbitration,

which "apply to any dispute arising out of an agreement that provides for arbitration pursuant to

any of the rules of the [AAA] where a party submits a dispute to arbitration on behalf of or

against a class or purported class." Ex. 22 at 121.

The Supplementary Rules for Class Arbitration, which became first effective in October

2003, provide for three phases in a class arbitration, each of which culminates in a "partial final

award" that is subject to immediate judicial review. In the first phase, the arbitrator "shall

determine as a threshold matter, in a reasoned, partial final award on the construction of the

arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on

behalf of or against a class (the 'Clause Construction Award')." *Id.* at 121. Rule 3 further

provides that the arbitrator "shall stay all proceedings following the issuance of the Clause

Construction Award for a period of at least 30 days to permit any party to move a court of

competent jurisdiction to confirm or to vacate the Clause Construction Award." *Id.*

In the second phase, if the arbitrator is "satisfied that the arbitration clause permits the

arbitration to proceed as a class arbitration, as provided in Rule 3, or where a court has ordered

that an arbitrator determine whether a class arbitration may be maintained, the arbitrator shall

---

[1] All exhibits referenced herein are attached to the Declaration of Jonathan H. Blavin in Support
of Petitioner's Motion to Vacate Class Determination Award, dated February 11, 2008.

determine whether the arbitration should proceed as a class arbitration." *Id.* at 122. Similar to Rule 3, Rule 5 provides that the "arbitrator's determination concerning whether an arbitration should proceed as a class arbitration shall be set forth in a reasoned, partial final award (the 'Class Determination Award')," and that the arbitrator "shall stay all proceedings following the issuance of the Class Determination Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Class Determination Award." *Id.* at 122-23. Finally, under the third phase, the Arbitrator shall issue a "final award on the merits in a class arbitration . . . ." *Id.* at 123.

These rules make clear that both the clause construction award and the class certification award are "partial final award[s]"—precisely the language that the *Trade & Transport* court found was sufficient to evince an intent "to make a final decision as to part of the dispute." 931 F.2d at 195. The rules further specify that such a partial final award should be stayed so that a party may seek immediate judicial review. Rule 12 reinforces the parties' intent to have clause construction and class determination awards subject to interlocutory judicial review, providing that "[p]arties to a class arbitration under these Supplementary Rules shall be deemed to have consented that judgment upon *each of the awards* rendered in the arbitration may be entered in any federal or state court having jurisdiction thereof." Ex. 22 at 125 (emphasis added). These provisions leave no doubt that the parties agreed to the bifurcation of issues and further agreed that a class certification award would be deemed "final" and immediately reviewable by the courts. Under the *Trade & Transport* rule, as applied in the later cases discussed above, the parties' agreement must be respected by the courts, which have jurisdiction to review a partial final award on class certification.

In accordance with parties' intent as demonstrated by the Supplementary Rules, the overwhelming majority of federal and state courts, including the Southern District of New York in two separate cases, have reviewed arbitrators' clause construction and class determination awards issued pursuant to Rules 3 and 5, prior to the issuance of a final award on the merits. *See e.g., Long John Silver's Restaurants, Inc. v. Cole*, --- F.3d ----, No. 05-1259, 2008 WL 217137 (4th Cir. Jan. 28, 2008) (class determination award); *Dealer Computer Servs., Inc. v. Champion Ford*, No. 07-13174, 2008 WL 205249 (E.D. Mich. Jan. 24, 2008) (clause construction award); *Sutter v. Oxford Health Plans LLC,* No. 05-5223, 2007 WL 625625 (3d Cir. Feb. 28, 2007) (class determination award); *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 489 F. Supp. 2d 772 (E.D. Mich. 2007) (clause construction award); *JSC Surgutneftegaz v. President and Fellows of Harvard College*, No. 04 Civ. 6069 (RMB), 2007 WL 3019234 (S.D.N.Y. Oct. 11, 2007) (clause construction award); *Stolt-Nielsen SA v. Animalfeeds Int'l Corp*., 435 F. Supp. 2d 382 (S.D.N.Y. 2006) (clause construction award); *Genus Credit Mgmt. Corp. v. Jones,* No. Civ. JFM-05-3028, 2006 WL 905936 (D. Md. Apr. 6, 2006) (clause construction award); *Rollins, Inc. v. Garrett*, No. 6:05-CV-671-PCF-KRS, 2005 WL 2149293 (M.D. Fla. Sept. 6, 2005) (clause construction award); *Cheng v. Oxford Health Plans, Inc*., 846 N.Y.S.2d 16 (N.Y. App. Div. 2007) (clause construction award); *TES Franchising v. Kastel*, No. CV064021842, 2007 WL 1748141 (Conn. Super. Ct. May 25, 2007) (clause construction award).   Contrary to Respondents' contention (MTD at 8-9), the parties' intent, as demonstrated by the incorporated Supplementary Rules, does define the finality of the Award and the Court's jurisdiction to review it under the FAA.

In *Dealer Computer Services, Inc. v. Dub Herring Ford*, 489 F. Supp. 2d 772 (E.D. Mich. 2007), for example, the petitioner appealed a clause construction award issued pursuant to Rule

3.  The respondents argued, as do Respondents here, that the district court did "not have subject matter jurisdiction because Plaintiff is not challenging a full and final judgment of the arbitrator" and that "the decision permitting them to proceed as a class is merely an interlocutory procedural ruling" that does "not constitute a final judgment that this Court has jurisdiction to address." *Id.* at 777.  The court rejected these contentions, holding that "[b]y instituting a mandatory 30-day stay following an arbitrator's decision on whether to permit parties to proceed as a class, the AAA rule plainly evinces an intent that such matters are properly reviewed by a federal district court even though a final result has not yet been reached . . . . [S]everal other federal courts have come to the same conclusion on the issue. . . . Thus, the Court finds that the plain language of the AAA's Supplementary Rule 3 is confirmed by the reasoning in [these cases] and concludes that it has subject matter jurisdiction to hear Plaintiff's case." *Id.* at 777-78.

Similarly, in *Genus Credit Management Corp. v. Jones,* 2006 WL 905936, the Court "reject[ed] defendants' contention that I have no jurisdiction to review the Partial Final Clause Construction Award because it amounts to an interlocutory appeal." *Id.* at *2.  In so holding, the Court stressed that "Rule 3 of the AAA's Supplementary Rules specifically contemplates judicial review of interim 'final' awards such as this one," and the arbitrator expressly "intended for his decision to be a final award with respect to the sole issue submitted to him, and immediately subject to judicial review." *Id.* at *2 n.1. [2]

Claimants' reliance on the only two cases where courts have suggested otherwise, *Marron v. Snap-On Tools, Co*., *LLC*, No. Civ. 03-4563(FSH), 2006 WL 51193 (D.N.J. Jan. 9, 2006), and *John M. O'Quinn, P.C. v. Wood*, No. 12-07-00050-CV, 2007 WL 4465296 (Tex. Ct.

---

[2] The Arbitrator in this case likewise entered a stay and provided that any party could "move a Court of competent jurisdiction to confirm or to vacate this Class Determination Award."  Ex. 1 at 035.

App. Dec. 21, 2007), is unavailing. The *Marron* case, from the District of New Jersey, has been

at least implicitly overruled by the Third Circuit's review of a clause construction award issued

pursuant to Rule 3 in *Sutter v. Oxford Health Plans LLC,* 2007 WL 625625. Moreover, the court

in *Marron* did not make a final determination on the question of jurisdiction. As the district

court correctly stated in *Genus Credit Mgmt. Corp.,* 2006 WL 905936, in rejecting the

jurisdictional argument Respondents offer here:

> The only authority defendants cite in support of this argument is [*Marron*], but the court in *Marron* did not actually hold that a clause construction award was unreviewable. *Marron*, 2006 WL 51193, at *3 ("Assuming, without deciding, that this Court is authorized to entertain an interlocutory appeal of an interim award, the Court exercises its discretion not to hear Snap-On's interlocutory appeal."). Other courts, including one in this circuit, have reviewed preliminary decisions by arbitrators that do not amount to final dispositions of the entire arbitration . . . . I think it prudent to render a decision on the class determination award before Green and the parties are forced to adjudicate the entire dispute.

*Id*. at *2. *John M. O'Quinn, P.C.* addressed solely the procedural requirements of the Texas

General Arbitration Act. *See* 2007 WL 4465296, at *1-3. It has no bearing on the *FAA's*

jurisdictional requirements. And as discussed above and in the following sections, the reasoning

underlying *John M. O'Quinn, P.C.* is directly contrary to a long line of Second Circuit and

federal cases permitting the interlocutory review of interim arbitral awards.

Accordingly, the Court has jurisdiction to review the Award given the parties' clear

intention that the Award be deemed "final" and reviewable. [3]

---

[3] The above discussion and authorities dispose of the contention that the award is unreviewable because it does not reach the merits. To the extent that Respondents assert that only awards that make a liability determination can be reviewed, that position is contrary to settled law: courts routinely review interim arbitral awards that do not amount to a final determination of liability. For example, "an award of temporary equitable relief such as a security award, *separable from the merits of the arbitration*, is subject to federal review." *British Ins. Co. of Cayman v. Water Street Ins. Co*., *Ltd.*, 93 F. Supp. 2d 506, 514 (S.D.N.Y. 2000); *see also* MTD at 7 (noting that "arbitral orders granting interim relief, such as temporary equitable awards to preserve assets, are considered final arbitral awards subject to judicial review"); *Home Indem. Co. v. Affiliated Food*

B.      **The Class Determination Award Is Separate and Independent from Liability and Damages**

Even if the parties had not expressly bifurcated the class certification determination from liability, judicial review would still be proper because the Award is severable from the remaining issues in the case. As Respondents' motion concedes, "arbitral orders have been considered final if they resolve a claim that is 'independent and separate from the remaining issues before the arbitrators and could be finally determined without reference to those legally irrelevant issues.'" MTD at 6-7 (quoting *Metallgesellschaft A.G v. M/V Captain Constante*, 790 F.2d 280, 282-83 (2d Cir. 1986)). Numerous other courts within and without this Circuit have held similarly. *See also, e.g., Kerr-McGee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991) ("An award that finally and conclusively disposes of a 'separate independent claim' may be confirmed even if it does not dispose of all the claims that were submitted to arbitration."); *Yonir Techs., Inc. v. Duration Sys. (1992) Ltd.,* 244 F. Supp. 2d 195, 204 (S.D.N.Y. 2002) ("[D]isposition of an issue that is separate from other issues before the arbitrators can be deemed final and subject to judicial review."); *Goldman v. Architectural Iron Co*., No. 01 CIV 8875 DLC, 2001 WL 1705117, at *3 (S.D.N.Y. Jan. 15, 2001) ("where a series of claims are submitted to an arbitrator, '[a]n award that finally and conclusively disposes of a 'separate and independent claim' may be [reviewed] even though the award does not dispose of all the claims that were submitted to arbitration.'"); *In re Arbitration between Advest, Inc. and Asseoff*, No. 92 Civ. 2269 (KMW), 1993 WL 119690, at *5 (S.D.N.Y. April 14, 1993) (same); *Clarendon Nat'l Ins. Co. v. TIG*

---

*Distribs., Inc*., No. 96 Civ. 9707 (RO), 1997 WL 773712, at *2-3 (S.D.N.Y. Dec. 12, 1997) (reviewing arbitration panel's "interim order" requiring defendant to post security pending a final award); *Sperry Int'l Trade v. Gov't of Israel*, 532 F. Supp. 901, 909 (S.D.N.Y. 1982), *aff'd on other grounds*, 689 F.2d 301 (2d Cir. 1982) (holding that arbitrators' order directing defendant to place a letter of credit in escrow pending a final determination of the parties contentions was "a final Award on a clearly severable issue" that was "clearly subject to confirmation").

*Reinsurance Co.*, 990 F. Supp. 304, 309 (S.D.N.Y. 1998) ("It is well-settled that an arbitration award disposing of a separate and independent claim may be deemed final and subject to confirmation although it does not dispose of all the claims that were submitted to arbitration"); *Sperry Int'l Trade, Inc.*, 532 F. Supp. at 906 ("Disposition of an issue that is severable from other issues still before the arbitrators may be deemed final and subject to confirmation.").[4]

By its very nature, class certification is a separate and independent issue from the determination of liability and damages. Although the class certification inquiry is a mixed question of fact and law that may require some examination of issues relevant to the merits, "the determination as to a [class certification] requirement is made only for purposes of class certification and is not binding on the trier of facts, even if that trier is the class certification judge." *In re IPO Securities Litig.*, 471 F.3d 24, 41 (2d Cir. 2006), *reh'g denied*, 483 F.3d 70 (2d Cir. 2007). The Arbitrator, in fact, refused to consider any merits-related issues in the Award. *See, e.g.,* Ex. 1 at 026 ("To the extent necessary to support the defense of offset by Verizon . . . such detailed proof and analysis is more appropriate at a hearing on the merits in this arbitration."). Because the class certification determination was separate and independent from the merits, the Arbitrator's decision to certify a class would be subject to immediate judicial review even if the parties had not expressly so agreed.

---

[4] *See also, e.g., Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Cont'l Casualty Co.*, 37 F.3d 345, 348 (7th Cir. 1994) (arbitral "interim order of security" found to be a final award); *Island Creek Coal Sales Co. v. Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984), *abrogated on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000) (arbitral "interim order" that finally and definitively disposed of separate, discrete, self-contained issue found to be final and subject to confirmation).

C.    **The Award Is Reviewable Despite the Arbitrator's Retention of Jurisdiction to Change the Award in the Future**

Finally, the Court has jurisdiction to review the Award as rendered, even though the Arbitrator has the authority to modify the Award at a future date if the Court confirms the Award in whole or in part.  AAA Supplementary Rule 5(e) provides that a "Class Determination Award may be altered or amended by the arbitrator before a final award is rendered."  Ex. 22 at 123. This rule, however, must be read in conjunction with Supplementary Rules 5(a) (referring to a "partial final award" on class certification), 5(d) (requiring a stay following issuance of a class certification award to permit any party to move a court to confirm or vacate the award), and 12(c) (specifying that parties are deemed to have consented that judgment upon "each" of the awards may be entered by a court).  The only possible construction of these rules taken as a whole is that the parties intended for the courts to review a class arbitration award, notwithstanding the arbitrator's authority to modify that decree at a later stage of the proceedings.  A contrary interpretation would render Rules 5(a), 5(d) and 12(c) nugatory.

In addition, the arbitrator's retention of jurisdiction to modify or amend an award does not defeat finality, even in the absence of the express intent to make such an award immediately reviewable.  "[B]oilerplate language generally retaining jurisdiction" to modify or amend an award "does not make an award nonfinal."  *Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers Shopmen's Local Union 501 v. Burtman Iron Works, Inc.*, 928 F. Supp. 83, 86 (D. Mass. 1996).  The "mere possibility that an arbitrator may need to take further action" does not render an award nonfinal.  *Id.*

This issue of the effect of an arbitrator's retention of jurisdiction on the finality of an award frequently arises when a question is raised about the timeliness of a petition to confirm or vacate an award.  Courts repeatedly have held that under the FAA, an award is deemed "final,"

-14-

and thus the statute of limitations commences, at the time the arbitrator issues his award, even if the arbitrator retains jurisdiction to entertain motions for reconsideration or otherwise to modify or amend the award. As the First Circuit held in *Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999), "an arbitral award is deemed 'final'" even "though the arbitrators purport to retain jurisdiction in the event the need arises to resolve some subsidiary matter . . . ." *Id.* Otherwise, "an unsuccessful party could preclude the commencement—or suspend the running—of the limitations period simply by alleging subsidiary errors in their [9 U.S.C.] § 10 motions to vacate an adverse arbitral award. Thus, the contention that mere error—whether ministerial, procedural, or substantive—renders an arbitral award non-'final' is fatally flawed." *Id.* at 20.

Accordingly, a "party moving for reconsideration of an arbitration award [does not] toll the running of the limitations period." *Int'l Ass'n of Bridge Structural & Ornamental Iron Workers*, 928 F. Supp. at 86-87. Nor does "an application to modify or clarify an arbitral award" render an award non-final. *Fradella*, 183 F.3d at 20*; see also, e.g., Dalal v. Goldman Sachs & Co.*, No. 06-1061 (EGS), 2007 WL 1334972, at *3 (D.D.C. May 7, 2007) (rejecting argument that "FAA's statute of limitations is tolled because [party] timely submitted a request for modification to the arbitrators and no final decision on this request has been made" and noting that "plaintiff's argument fails because, under the FAA, a 'party moving for reconsideration of an arbitration award does not toll the running of the limitations period'" and noting that the "FAA does not include a provision for submitting motions for reconsideration to the arbitrators, and thus such motions do not toll the FAA's statute of limitations"); *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 247 n.4 (D.D.C. 2006) ("If requesting that an arbitrator reconsider his award does not negate the finality of an award for statute of limitations purposes, the court is hard pressed to conclude that the letters to the arbitrator [for clarification] in this case

-15-

negated the finality of his award such that the exercise of jurisdiction in this case is improper"); *Loewen v. United States*, No. Civ.A. 04-2151 (RWR), 2005 WL 3200885 (D.D.C. Oct. 31, 2005) (same).

Under these precedents, the generic boilerplate reference in Rule 5(e) to the arbitrator's power to modify the class award at a later date does not render the "partial final award" granting class certification nonfinal.

Rule 5(e) is similar to the rule that courts retain jurisdiction to amend or modify a class certification order as warranted by subsequent developments in the case. *See, e.g.*, *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 104 n.9 (2d Cir. 2007) ("if the district court certifies the class after a determination that either or both of the plaintiffs are adequate class representatives, it can always alter, or indeed revoke, class certification at any time before final judgment is entered should a change in circumstances render the plaintiffs inadequate class representatives"). In the judicial context, however, that rule does not prevent interlocutory appellate review of a class certification order. Under Federal Rule of Civil Procedure 23(f), the Court of Appeals may review on an interlocutory basis a class certification order, even though the District Court would have the power to further modify the order if it is affirmed by the appellate court. Judicial review of class certification rulings is even more readily available in the arbitration context than the judicial where, as is the case here, the parties expressly intended for the class determination award to be "final" and subject to immediate judicial review, and the relevant arbitration rules expressly provide for such review.

**II.     EVEN WITHOUT A FINAL AWARD, THIS COURT WOULD HAVE POWER
TO RESTRAIN RESPONDENTS FROM PROCEEDING IN AN ARBITRATION
IN WHICH THE ARBITRATOR IS EXCEEDING HIS AUTHORITY**

Respondents' Motion also ignores that the petition and motion to vacate relate, at least in

part, to the Arbitrator's actions in excess of his authority.  As the Supreme Court has made clear,

the FAA does not require a party to wait for an arbitrator to render an award before seeking

judicial determination of the arbitrator's authority.  Specifically, in *First Options of Chicago,*

*Inc. v. Kaplan*, 514 U.S. 938 (1995), the parties challenging an arbitrator's determination had

argued that they were entitled to wait until a final award to challenge the arbitrator's jurisdiction,

while the opposing party argued that they had been required to seek a judicial determination of

arbitrability at the outset by, for example, seeking to enjoin the arbitration.  The Supreme Court

held that *both* of these courses were available.  *Id.* at 946-47 (noting that petitioners could seek

preliminary relief from the court, but that their decision not to do so did not signal an intention to

be bound by the arbitrator's determination of arbitrability).

Thus, for example, in *Merrill Lynch Investment Managers v. Optibase, Ltd.*, 337 F.3d 125

(2d Cir. 2003), a party protested that a dispute was beyond the arbitrators' authority, but the

arbitration organization rejected this objection under its applicable procedures.  The party then

sought an injunction against arbitration, which Judge Swain granted.  The Second Circuit

affirmed, holding that the party "'would be irreparably harmed by being forced to expend time

and resources arbitrating an issue that is not arbitrable, and for which any award would not be

enforceable.'"  *Id.* at 129 (quoting *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*,

107 F.3d 979, 985 (2d Cir. 1997)).  The court further held that the action was timely where the

party pursued its objections within the arbitral process and then sought judicial relief 20 days

after those objections were rejected.  *Id.* at 132.

Here, similarly, Verizon Wireless raised in the arbitration its objections to the Arbitrator's power to entertain the class action, but those objections were rejected by the Arbitrator, who will now proceed in excess of his authority absent a court determination precluding him from doing so. As in *Merrill Lynch*, Verizon Wireless will be irreparably harmed by being forced to arbitrate matters beyond the Arbitrator's authority. And as in that case, this proceeding was promptly commenced: the petition was filed just 6 days after the Award was rendered. Thus, even if there were any merit to Respondents' contention that the Award was not a reviewable award, Verizon Wireless would still be entitled to relief in the nature of a declaration or injunction that Respondents may not proceed with the arbitration on a class basis. *See, e.g., First Options*, 514 U.S. at 946-47; *Merrill Lynch*, 337 U.S. at 129.

## III.    VERIZON WIRELESS PROPERLY FILED A PETITION AND MOTION TO VACATE PURSUANT TO THE FAA

Verizon Wireless filed a petition to vacate on January 16, 2008, which expressly indicated that it would be followed by a full set of motion papers. *See* Petition to Vacate Arbitration Award at 15, dated January 16, 2008. The Court directed Verizon Wireless to file its motion to vacate in support of the petition by February 17, 2008, which deadline was later modified by stipulation to February 11, 2008. *See* Court's Denial of Request for Permission to File Memorandum of Law in Support of Motion to Vacate that Exceeds 35-page Limit, dated February 4, 2008; Stipulation and Order, dated February 13, 2008. Verizon Wireless complied with that order, filing its motion on February 11. Thus, unlike the cross-petitioner in *Kruse v. Sands Brothers & Co., Ltd.*, 226 F. Supp. 2d 484 (S.D.N.Y. 2002), (MTD at 4), Verizon Wireless here has submitted a timely motion, supported by a declaration and memorandum of law, to vacate the award.

The procedure of commencing a proceeding to vacate an award by petition is proper under the FAA and is common practice in this district.  *See, e.g., Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002) ("a district court may entertain petitions under" 9 U.S.C. § 10); *Clarendon Nat'l Ins. Co. v. Kings Reinsurance Co., Ltd.*, 241 F.3d 131, 133 (2d Cir. 2001) (reviewing district court's ruling regarding party's "petition in the district court to vacate the arbitration award pursuant to . . . 9 U.S.C. § 10").  In any event, if filing a petition rather than a motion had somehow been improper, any supposed impropriety has now been cured by the filing of a timely motion.  Accordingly, Respondents' contention that the filing of a petition to vacate alone is procedurally insufficient must be rejected as moot.

## IV.    <u>RESPONDENTS' ARGUMENTS ON THE MERITS FAIL</u>

Verizon Wireless addresses each of Respondents' arguments concerning the merits of the petition to vacate in its Motion to Vacate, filed with this Court on February 11, 2008.  Verizon Wireless respectfully refers the Court to those papers.

## CONCLUSION

For the foregoing reasons and those asserted in Petitioners' Motion to Vacate, the Court should deny the Motion.

Dated: New York, New York
       February 21, 2008

                                        Respectfully submitted,

                                        Henry Weissmann
                                        Hojoon Hwang
                                        Jonathan H. Blavin
                                        MUNGER, TOLLES & OLSON LLP
                                        355 South Grand Avenue, Suite 3500
                                        Los Angeles, CA 90071-1560
                                        Tel: 213-683-9100 – Fax: 213-687-3702

                                        Jeffrey S. Jacobson
                                        Carl Micarelli
                                        DEBEVOISE & PLIMPTON LLP
                                        919 Third Avenue
                                        New York, NY 10022-3916
                                        Tel: 212-909-6000 – Fax: 212-909-6836

                                        By: /s/ Jeffrey S. Jacobson
                                            Jeffrey S. Jacobson

                                        Attorneys for Petitioners Cellco Partnership d/b/a
                                        Verizon Wireless and Verizon Communications Inc.

## CERTIFICATE OF SERVICE

I, Carl Micarelli, a member of the Bar of this Court and one of the attorneys for

Petitioners herein, certify as follows:

On this 21st day of February 2008, I served the within MEMORANDUM OF LAW IN

OPPOSITION TO RESPONDENTS' MOTION TO DISMISS PETITION TO VACATE upon

Scott A. Bursor, counsel for the Respondents, by sending a copy by electronic mail to

scott@bursor.com, such means of service being an electronic means to which he has consented

in writing pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.


Dated: New York, New York
       February 21, 2008

_____
                Carl Micarelli