UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS
and VERIZON COMMUNICATIONS INC.,

                                        Petitioners,

-against-

PATRICIA BROWN, HAROLD P. SCHROER, and
DAWN M. ZOBRIST, on an individual basis and on
behalf of others similarly situated,

                                        Respondents.

No. 08 CV 00427 (LAK)

---

## **REPLY MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO SUMMARILY DENY THE PETITION**

LAW OFFICES OF SCOTT A. BURSOR
500 Seventh Avenue, Floor 10B
New York, NY  10018
(212) 989-9113 (tel)
(212) 989-9163 (fax)

March 6, 2008

# TABLE OF CONTENTS

Introduction ........................................................................................................... 1

Argument ............................................................................................................... 1

I.    THE PARTIES DID NOT AGREE TO CREATE FEDERAL
      JURISDICTION FOR SERIATIM APPEALS OF NON-FINAL
      ARBITRAL ORDERS ................................................................................. 1

      A.    A Federal Court Cannot Be Given Subject Matter Jurisdiction By
            Consent Of The Parties ..................................................................... 1

      B.    AAA Rules Do Not Purport To Create Federal Court Jurisdiction
            To Review Interlocutory Arbitral Orders .......................................... 2

      C.    Even If AAA Rules Did Purport To Create Federal Court
            Jurisdiction To Review Interlocutory Arbitral Orders, Such Rules
            Would Be Preempted by The Parties' Agreement And By The
            FAA ................................................................................................... 3

      D.    The *Functus Officio* Exception Is Inapplicable Because The
            Arbitrator Retains Jurisdiction Over The Class Determination
            Award ................................................................................................ 7

      E.    The *Metalgesellschaft* Exception Is Inapplicable Because A Class
            Determination Award Is Not Independent And Separate From The
            Remaining Issues Before The Arbitrator ........................................... 9

II.   THE FAA DOES NOT PERMIT COURT INVOLVEMENT IN AN
      ONGOING ARBITRATION MERELY BECAUSE ONE PARTY
      ALLEGES THAT THE ARBITRATOR IS ACTING IN EXCESS OF
      HIS AUTHORITY ..................................................................................... 10

Conclusion ........................................................................................................... 10

**Introduction**

Verizon argues that this Court has subject matter jurisdiction to hold itself open as an appellate tribunal to review interlocutory rulings of an arbitrator based on the agreement of the parties and the rules of the AAA. Those arguments are wrong as a matter of law because neither the consent of the parties nor the rules of a private association can create subject matter jurisdiction. Only Congress has the authority to expand the jurisdiction of federal courts where the Federal Arbitration Act ("FAA") has circumscribed it. Verizon also argues that a federal court can review any interlocutory arbitral order, even one that is conceded to be nonfinal, where one party alleges that the arbitrator acted in excess of his authority. But no court has so held, and for good reason. Such an approach would be fundamentally inconsistent with the FAA because it would create a loophole that would allow one party to cause an arbitration to grind to a halt with seriatim appeals challenging the scope of the arbitrator's authority on every adverse ruling.

None of the arguments in Verizon's opposition defeats claimants showing that the Class Determination Award (hereafter, the "Award"), is an interlocutory, nonfinal order, which this Court lacks jurisdiction to review under the FAA. For this simple reason, Verizon's petition to vacate the award should be dismissed without reaching the merits.[1]

**Argument**

### I. THE PARTIES DID NOT AGREE TO CREATE FEDERAL JURISDICTION FOR SERIATIM APPEALS OF NON-FINAL ARBITRAL ORDERS

#### A. A Federal Court Cannot Be Given Subject Matter Jurisdiction By Consent Of The Parties

Verizon advances several arguments that boil down to the assertion that this Court has jurisdiction because the parties consented to seriatim appeals of interlocutory arbitration orders

---

[1] The parties have briefed the merits of the petition and motion to vacate the Award in parallel with the briefing of the jurisdictional issue on this motion to dismiss. Claimants' arguments with respect to the merits of the petition and motion are set forth in the January 29, 2008 Memorandum Of Law In Support Of Respondents' Motion To Dismiss Or In The Alternative To Summarily Deny The Petition, and in the February 21, 2008 Memorandum Of Law In Opposition To Petitioners' Motion To Vacate Class Determination Award, which are incorporated by reference as though fully set forth herein.

to federal court.  Verizon's principal argument is that this Court has jurisdiction to review the Class Determination Award because the parties "agreed," "intended" or "consented" to such review.  Verizon Opp. at 3-6.  The premise of those arguments is wrong, as we show below, because the parties did not make such an agreement.  However, at the threshold, Verizon's arguments run afoul of black-letter law.  "One of the most basic principles of our jurisprudence is that subject-matter jurisdiction cannot be conferred by consent of the parties."  *Gosa v. Mayden*, 413 U.S. 665, 707 (1973), *citing American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *see also In re Johns-Manville Corp.*, 2008 WL 399010, at *10 (2d Cir. Feb. 15, 2008) ("As we have made clear, subject matter jurisdiction cannot be conferred by consent of the parties.  Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement ….").

### B.    AAA Rules Do Not Purport To Create Federal Court Jurisdiction To Review Interlocutory Arbitral Orders

Verizon argues that the parties agreed to submit interlocutory arbitral awards to federal appellate jurisdiction "[b]y incorporating the AAA's Supplementary Rules for Class Arbitration into their agreement."  Verizon Opp. at 6.  That argument is incorrect because, as a threshold matter, the jurisdiction of this Court is not determined by a AAA rule; it is determined by Congress as expressed in the FAA.  But even if the AAA had authority to enlarge the jurisdiction of this Court, AAA rules by their own terms do not purport to do so.  The applicable rule here, Supplementary Rule 5(d), provides for a 30-day stay "to permit any party to move a court of competent jurisdiction to confirm or vacate the Class Determination Award."  The language of the rule itself is agnostic with respect to the jurisdiction of courts.  It does not purport to create jurisdiction, but merely permits any party "to move a court of competent jurisdiction" if such court exists.

Verizon also points to Supplementary Rule 12, which provides that "[p]arties to a class arbitration under these Supplementary Rules shall be deemed to have consented that judgment upon each of the awards rendered in the arbitration may be entered in any federal or state court

having jurisdiction thereof." Verizon Opp. at 8, *quoting* Supplementary Rule 12(c). But again this rule does not purport to create jurisdiction in any court. It is strictly agnostic on the question. The only thing the parties are "deemed to have consented" to under Supplementary Rule 12(c), is to the entry of judgment "in any federal or state court *having jurisdiction*." (emphasis added). The rule does not deem the parties to have consented to the entry of judgment in a court that *lacks jurisdiction*. Rule 12(c), and its incorporation into the parties' arbitration agreement, does not evidence any intent to expand the scope of the jurisdiction of this Court, or any other court.[2]

### C.    Even If AAA Rules Did Purport To Create Federal Court Jurisdiction To Review Interlocutory Arbitral Orders, Such Rules Would Be Preempted by The Parties' Agreement And By The FAA

It is beyond dispute that the parties' agreement may modify AAA rules if the parties so choose. The applicable AAA rules expressly recognize this. *See* AAA Wireless Industry Arbitration Rules, Rule R-1, Bursor Decl. Exh. 21 ("The parties, by written agreement, may vary the procedures set forth in these Rules."); *see also* 6/8/05 AAA letter to parties at 1, Bursor Decl. Exh. 22 ("This case will be administered under the Association's Supplementary Rules for Class Arbitrations … and the Wireless Industry Arbitration Rules …."). To the extent that AAA rules might otherwise permit appeals of interlocutory arbitral rulings, the parties' agreement modifies AAA rules by making the arbitration subject to the FAA, which prohibits review of interlocutory arbitral orders. *See* Bursor Decl. Exh. 3 (parties' agreement stating "THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT."); *see also*, *Marron v. Snap-On Tools*, 2006 WL 51193, at *1 (D.N.J. June 9, 2006) ("Federal courts commonly understand this provision of the FAA [9 U.S.C. § 10] to allow review of final arbitration awards but *not* of

---

[2] Supplementary Rule 12(c) would also be nonsensical if read to permit "judgment" to be entered on an interlocutory clause construction or class determination award in the absence of a final award on the merits. Courts do not enter "judgments" on class certification orders without determining the merits of the claims. Similarly, there is no "judgment" that can be entered on a class certification order in the absence of a final determination of the merits. The only reading of Supplementary Rule 12(c) that makes any sense, therefore, is that the parties consent to entry of judgment on each of the interlocutory awards in connection with entry of judgment on a final award determining the merits of the claims at issue.

interim or partial rulings."); *John M. O'Quinn, P.C. v. Wood*, 2007 WL 4465296, at *2-3 (Tex. App. Dec. 21, 2007) (hereafter, *O'Quinn*) (holding Class Determination Award was not a final reviewable award under the Texas General Arbitration Act).

In cases where the FAA does not apply, and where an arbitration may be governed by a different statute, such as a state statute or an international convention, court review of interlocutory arbitration orders may be permitted. Thus AAA rules recognize that there may, in some circumstances, be instances in which a court could review an interlocutory class determination award. But those circumstances are not always present. And where the agreement is subject to the FAA, court review of interlocutory orders is not available. Here, the parties' express agreement that "THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT" is an adoption of the FAA's rule prohibiting court review of interlocutory orders. Thus, even if AAA rules could be read to permit such review, the parties have, by agreement, modified those rules to prohibit seriatim appeals from interlocutory orders.

It is not difficult to understand why the parties would do this. Repeated appeals from arbitral orders would cause undue delay. That is why the Second Circuit has cautioned that a District Court "should not … hold itself open as an appellate tribunal" to hear interlocutory appeals from arbitral rulings, which would "result only in a waste of time, the interruption of the arbitration proceeding, and [would] encourage delaying tactics in a proceeding that is supposed to produce a speedy decision." *Companis Panemena Maritima San Gerassimo, S.A. v. J. E. Hurley Lumber Co.*, 244 F.2d 286, 289 (2d Cir. 1957). That is not what the parties bargained for.

Verizon urges the Court to disregard *Marron* and *Quinn*, and to follow instead the handful of cases that have reviewed interlocutory awards under the Supplemental Rules. Verizon Opp. at 9. But the few courts that have reviewed such awards have done so with little or no discussion of the FAA's finality requirement. Eight of ten cases cited by Verizon have no discussion whatsoever of the FAA's finality requirement. *See Long John Silver's Restaurants, Inc. v. Cole*, 2008 WL 217137 (4th Cir. Jan. 28, 2008) (confirming class determination award

with no discussion of the FAA's jurisdictional requirement of finality); *Dealer Computer Servs. v. Champion Ford*, 2008 WL 205249 (E.D. Mich. Jan. 24, 2008) (confirming clause construction award with no discussion of the FAA's jurisdictional requirement of finality); *Sutter v. Oxford Health Plans LLC*, 227 Fed.Appx. 135 (3d Cir. 2007) (affirming district court's denial of motion to vacate class determination award, with no discussion of the FAA's jurisdictional requirement of finality); *JSC Surgutneftegaz v. President and Fellows of Harvard College*, 2007 WL 3019234 (S.D.N.Y. Oct. 11, 2007) (confirming clause construction award with no discussion of the FAA's jurisdictional requirement of finality); *Stolt-Nielsen SA v. Animalfeeds Int'l Corp.*, 435 F. Supp.2d 382 (S.D.N.Y. 2006) (no discussion of the FAA's jurisdictional requirement of finality); *Rollins, Inc. v. Garrett*, 2005 WL 2149293 (M.D. Fla. Sep. 6, 2005) (denying motion for preliminary injunction to stay arbitration after issuance of a clause construction award, with no discussion of the FAA's jurisdictional requirement of finality); *Cheng v. Oxford Health Plans, Inc.*, 846 N.Y.S.2d 16 (N.Y. App. Div. 2007) (denying motion to vacate clause construction award with no discussion of the FAA's jurisdictional requirement of finality). *TES Franchising v. Kastel*, 2007 WL 1748141 (Conn. Super. Ct. May 25, 2007) (denying motion to vacate clause construction award with no discussion of the FAA, and applying instead the Connecticut arbitration statute, C.G.S. § 52-418). Since these cases do not address the jurisdictional issue, they provide no authority, one way or the other, with respect to the question of jurisdiction.

Verizon cites only two decisions, both by District Courts, that have addressed the jurisdictional question under the FAA – albeit in cursory fashion. *Genus Credit Management Corp. v. Jones*, 2006 WL 905936 (D. Md. April 6, 2006) concludes that the district court had jurisdiction to review a clause construction award, citing Supplementary Rule 3, *Long John Silver's Restaurants, Inc.*, *Sutter*, and considerations of "pruden[ce]." *Genus Credit*, 2006 WL 905936, at *2 & n.1. But *Genus Credit*'s analysis of the issue is cursory and wrong. Supplementary Rule 3, like Rules 5 and 12, does not purport to create federal jurisdiction. Those rules are purely agnostic on the question. *See* Part I.B, above. And even if Rule 3 did purport to

create federal jurisdiction, the AAA simply lacks power to do that. It is a matter for Congress, not the AAA. *Genus Credit*'s citations to *Long John Silver's Restaurants, Inc.* and *Sutter* are also misplaced. As we point out above, those cases do not even discuss the jurisdictional question. Finally, the resort to "pruden[ce]," is misplaced for two reasons. *See Genus Credit*, 2006 WL 905936, at *2 ("I think it prudent to render a decision on the class determination award before Green and the parties are forced to adjudicate the entire dispute."). First, prudence dictates that courts should not hold themselves open as appellate tribunals to entertain seriatim appeals in ongoing arbitrations, because such conduct would frustrate the parties' expectations of a prompt and speedy dispute resolution process. Second, the jurisdiction of a district court is not a function of prudence. Rather, that jurisdiction is carefully circumscribed by statute, and can only be expanded where *Congress* deems it prudent to do so. To date, Congress has not seen fit to expand the jurisdiction of district courts to address interlocutory class certification orders by arbitrators.

Aside from *Genus Credit*, the only other case Verizon cites that addresses the jurisdictional issue is *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 489 F.Supp.2d 772 (E.D. Mich. 2007). That case merely cites *Genus Credit* and sets forth the exact same cursory and incorrect analysis based on Supplementary Rule 3, *Long John Silver's Restaurants, Inc.* and *Sutter* – none of which actually address the jurisdictional question.

Against this background, the reasoning of *Marron v. Snap-On Tools*, 2006 WL 51193 (D.N.J. June 9, 2006) and *O'Quinn*, 2007 WL 4465296 (Tex. App. Dec. 21, 2007), is more persuasive. Both correctly parsed the relevant Supplementary Rules and correctly determined that neither a clause construction award nor a class certification award is a final, reviewable order. Verizon argues that *Marron* was "implicitly overruled by the Third Circuit's review of a clause construction award in *Sutter*. Verizon Opp. at 11. But *Sutter* did not cite *Marron*, and as we point out above, *Sutter* did not even discuss the FAA's jurisdictional requirement of finality. *Sutter* did not overrule *Marron*, implicitly or otherwise, because a court decision is not authority for a proposition it does not address.

Verizon attempts to distinguish *O'Quinn* on the ground that it "addressed solely the procedural requirements of the Texas General Arbitration Act" as opposed to the FAA.  Verizon Opp. at 11.  But the "procedural requirement[]" Verizon references was actually a *jurisdictional* requirement – the exact same jurisdictional requirement imposed by the FAA, namely, the requirement of finality.  *O'Quinn*'s concluded that a Texas court lacked jurisdiction to review a class determination award under the Texas Act, which permits review only of final arbitral awards, and the class determination award was not a final award under AAA rules or otherwise.  That is exactly the same issue that is present in this case under the FAA.  And *O'Quinn*'s analysis of that issue is both persuasive, and squarely on point.

The jurisdictional issue is a matter of first impression in this District.  The authorities cited by Verizon either fail to address the issue or do so only in a cursory fashion.  The reasoning of *Marron* and *O'Quinn* is persuasive and correct, and is in accord with the Second Circuit's strong statements discouraging seriatim appeals from interlocutory arbitral orders as being inconsistent with the FAA's protections of arbitration as a speedy and efficient mechanism for dispute resolution.  *See, e.g.*, *Companis Panemena Maritima San Gerassimo, S.A. v. J. E. Hurley Lumber Co.*, 244 F.2d 286, 289 (2d Cir. 1957) (cautioning that a District Court "should not … hold itself open as an appellate tribunal" to hear interlocutory appeals from arbitral rulings, which would " "result only in a waste of time, the interruption of the arbitration proceeding, and [would] encourage delaying tactics in a proceeding that is supposed to produce a speedy decision.").

###    D.    The *Functus Officio* Exception Is Inapplicable Because The Arbitrator Retains Jurisdiction Over The Class Determination Award

Verizon argues that this Court has jurisdiction under "the *Trade & Transport* rule … holding that parties may agree to define an award's finality for purposes of determining which awards are subject to immediate judicial review."  Verizon Opp. at 4, *citing Trade & Transport, Inc. V. Natural Petroleum Charterers, Inc.*, 931 F.2d 191 (2d Cir. 1991).  But Verizon references only one of two requirements for federal jurisdiction under *Trade & Transport*.  The relevant

statement from *Trade & Transport* is the following:

> [I]f the parties agree that the panel is to make a final decision as to part of the dispute, the arbitrators have the authority and responsibility to do so. … [O]nce arbitrators have finally decided the submitted issues, they are, in common-law parlance, "*functus officio*," meaning that their authority over those questions is ended. Thus, if the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue.

*Id.* at 195 (citations omitted).

Verizon argues that the parties' agreement that a Class Determination Award would be immediately reviewable brings this case under the *Trade & Transport* rule. The premise of that argument is incorrect because the parties made no such agreement. But Verizon's argument suffers from the additional defect that *Trade & Transport* applies only where the parties have also agreed that the matter, once decided by the arbitrator, would become "*functus officio*" such that the arbitrator's "authority over those questions is ended." *Id.* at 195. Here the Class Determination Award clearly is not "*functus officio*" because the arbitrator retains authority under Rule 5(e) to modify or amend the award – and the Tribunal is in fact considering such a motion right now. *See* Bursor Decl. Exh. 7 (Consolidated Procedural Order No. 16, setting a briefing and hearing schedule for the pending motion to correct, alter or amend the Class Determination Award).[3]

Moreover, the *Trade & Transport* rule has never been applied to justify court review of an interlocutory class determination award. It was applied in *Trade & Transport* to permit

---

[3] Verizon argues that the arbitrator's continuing jurisdiction to correct, alter or amend the Class Determination Award does not render the award "nonfinal." Verizon Opp. at 14. Verizon mischaracterizes the issue. The award is nonfinal for numerous reasons – not merely because of the arbitrator's continuing jurisdiction. However, the arbitrator's continuing jurisdiction under Supplementary Rule 5(d) clearly places this case outside the scope of the *functus officio* rule stated in *Trade & Transport*. Moreover, the arbitrator's continuing jurisdiction also negates Verizon's suggestion that the parties "agreed" to the finality of the award, because the structure of Supplementary Rule 5 expressly contradicts that finality, both by providing for continuing arbitral jurisdiction and also by expressly referencing a different "final" award to come after the class determination award. *See* Supplemental Rule 5(e) ("A Class Determination Award may be altered or amended by the arbitrator *before a final award is rendered*.") (emphasis added).

review of a liability ruling on the merits of a claim that left only the issue of damages to be determined later.  931 F.2d at 192 ("[T]he parties asked the arbitrators to make an immediate determination as to liability for cancellation of the fourth voyage, leaving for a later time the calculation of damages ….").  The same rule was applied in *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231 (1st Cir. 2001) where the parties expressly agreed to bifurcate liability and damages, making the "liability determination … final and subject to district court review."  *Id.* at 235.  The Class Determination Award here makes no determination on liability, was not subject to an express agreement regarding finality or reviewability, and concerns nothing but the manner in which further arbitral proceedings will be conducted.  The *Trade & Transport* rule has never been applied in circumstances such as these.

E.    **The *Metalgesellschaft* Exception Is Inapplicable Because A Class Determination Award Is Not Independent And Separate From The Remaining Issues Before The Arbitrator**

Verizon argues that the *Metalgesellschaft* exception applies, and that the Class Determination Award is reviewable because it "resolve[s] a claim that is independent and separate from the remaining issues before the arbitrator[] and could be finally determined without reference to those legally irrelevant issues."  Verizon Opp. at 12, *quoting Metalgesellschaft A.G. v. M/V Captain Constante*, 790 F.2d 280, 282-83 (2d Cir. 1986) (internal quotation marks omitted).  But the *Metalgesellschaft* exception has never been applied for purposes of reviewing a class determination award, and it is plainly inapplicable.  Class certification does not "resolve a claim."  It is a procedural matter that is inextricably intertwined with the issues remaining on the merits of the claim.  Class certification is a determination of how the claims will be resolved, namely, on a classwide basis upon the presentation of common evidence concerning predominant common issues.  The question of class certification requires consideration of the evidence that will be presented on the merits, a determination that common issues predominate, and a related determination that common evidence can be used to prove the merits.  As such, the merits of the case are not "legally irrelevant" to a determination of class certification.  Nor can class certification be determined "without reference" to the merits of the

9

claims.  The *Metalgesellschaft* exception, therefore, does not apply.

## II.  THE FAA DOES NOT PERMIT COURT INVOLVEMENT IN AN ONGOING ARBITRATION MERELY BECAUSE ONE PARTY ALLEGES THAT THE ARBITRATOR IS ACTING IN EXCESS OF HIS AUTHORITY

Verizon argues that even if the Award is nonfinal, the Court nevertheless has jurisdiction to review it because Verizon alleges that the arbitrator is acting in excess of his authority.  In support of this argument, Verizon cites *First Options Of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) and *Merrill Lynch Investment Managers v. Optibase, Ltd.*, 337 F.3d 125 (2d Cir. 2003).  *See* Verizon Opp. at 17.  But those cases are easily distinguishable from the case at bar.

There was no ongoing arbitration in *First Options*, thus no allegation that an arbitrator had acted in excess of his authority.  The issue in *First Options* was whether there should be any arbitration at all.  *See* 514 U.S. at 941 ("The Kaplans … denied that their disagreement with First Options was arbitrable ….").  Here, there is no such issue.  All parties agree that the substantive claims are arbitrable.

The issue in *Merrill Lynch* was whether a nonsignatory to the arbitration agreement who was resisting arbitration "on the ground that the dispute was outside the arbitration agreement." *Merrill Lynch*, 337 F.3d at 129.  That is a fundamentally different issues from whether the arbitration, once commenced, has resulted in an arbitral order beyond the authority of the arbitrator.

Verizon's proposed rule – that federal courts have jurisdiction to review interlocutory arbitral orders whenever a party alleges that the arbitrator has acted in excess of his authority – would create an exception that would swallow the general rule under the FAA, which permits court review only of final orders.  We are aware of no court that has adopted that reading of the FAA, nor invoked that rationale to review an interlocutory order in an ongoing arbitration.  Neither *First Options* nor *Merrill Lynch* did so.

### Conclusion

For the foregoing reasons Verizon's petition should be dismissed without reaching the merits.

Dated:  March 6, 2008.

By    /s/ _____

      Scott A. Bursor  (SB1141)

LAW OFFICES OF SCOTT A. BURSOR
500 Seventh Avenue, Floor 10B
New York, NY  10018
(212) 989-9113 (tel)
(212) 989-9163 (fax)
scott@bursor.com

*Lead Counsel for Claimants-Respondents*
*Patricia Brown, Harold P. Schroer, and*
*Dawn M. Zobrist*

Bradley M. Lakin
Daniel J. Cohen
THE LAKIN LAW FIRM, P.C.
301 Evans Avenue, P.O. Box 27
Wood River, IL 62095-1127
Ph: 618.254.1127
danc@lakinlaw.com

David Pastor
GILMAN AND PASTOR LLP
225 Franklin Street, 16th Floor
Boston, MA 02110
(617) 742-9700 (tel)
(617) 742-9701 (fax)
dpastor@gilmanpastor.com

Phillip A. Bock
Robert M. Hatch
DIAB & BOCK, LLC
20 N. Wacker Drive, Suite 1741
Chicago, IL  60606
Telephone:  (312) 334-1970
phil@diabbockllc.com

Nadeem Faruqi
Adam R. Gonnelli
FARUQI & FARUQI, LLP
369 Lexington Ave., 10th Floor
New York, NY 10016
(212) 983-9330 (tel)
(212) 983-9331 (fax)
nfaruqi@faruqilaw.com
agonnelli@faruqilaw.com

Jayne A. Goldstein
MAGER & GOLDSTEIN, LLP
1640 Town Center Circle, Suite 216
Weston, FL 33326
(954) 515-0123 (tel)
(954) 515-0124 (fax)
jgoldstein@magergoldstein.com

*Additional Counsel for Claimants-Respondents Patricia Brown,*

*Harold P. Schroer, and Dawn M. Zobrist*

## <u>CERTIFICATE OF SERVICE</u>

I, SCOTT A. BURSOR, hereby certify that a true and correct copy of the foregoing document has been served by email to cmicarelli@debevoise.com, henry.weismmann@mto.com, hojoon.hwang@mto.com, and jonathan.blavin@mto.com, this 6th day of March, 2008, in accordance with the February 13, 2008 Stipulation And Order providing for service of all papers in this matter by email.

By     /s/
       Scott A. Bursor  (SB1141)

       LAW OFFICES OF SCOTT A. BURSOR
       500 Seventh Avenue, Floor 10B
       New York, NY  10018
       (212) 989-9113 (tel)
       (212) 989-9163 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS
and VERIZON COMMUNICATIONS INC.,

                                        Petitioners,

-against-

PATRICIA BROWN, HAROLD P. SCHROER, and                    No. 08 CV 00427 (LAK)
DAWN M. ZOBRIST, on an individual basis and on
behalf of others similarly situated,

                                        Respondents.

## DECLARATION OF SCOTT A. BURSOR   (VOL. III)

        I, SCOTT A. BURSOR, declare as follows:

        1.      I am the same Scott A. Bursor that submitted a declaration in this matter

on January 29, 2008, attaching Exhibits 1 through 6, and a declaration on February 21, 2008,

attaching Exhibits 7 through 20.

        2.      A true and correct copy of the AAA Wireless Industry Arbitration Rules

is attached hereto as Exhibit 21.

        3.      A true and correct copy of a 6/8/05 AAA letter to the parties is attached

hereto as Exhibit 22.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 21, 2008.

_____/s/_____

Scott A. Bursor

## <u>CERTIFICATE OF SERVICE</u>

I, SCOTT A. BURSOR, hereby certify that a true and correct copy of the

foregoing document has been served by email to cmicarelli@debevoise.com,

henry.weismmann@mto.com, hojoon.hwang@mto.com, and jonathan.blavin@mto.com, this 6th

day of March, 2008, in accordance with the February 13, 2008 Stipulation And Order providing

for service of all papers in this matter by email.

By   /s/
         Scott A. Bursor  (SB1141)

LAW OFFICES OF SCOTT A. BURSOR
500 Seventh Avenue, Floor 10B
New York, NY  10018
(212) 989-9113 (tel)
(212) 989-9163 (fax)



Contact · Privacy Policy

| Home | About | Resources | Focus Areas | Rules / Procedures | Forms | News / Events | Education |

Rules
Guides
Protocols
Fact Sheets
State Specific Rules
Ethics and Standards
Topics of Interest
Archives



Rules

Printer Friendly

**Wireless Industry Arbitration Rules**
**Sponsored by the Cellular Telecommunications Industry Association**
**Effective July 1, 2003**

INTRODUCTION
Additional Information
Administration
Regular Track
Fast Track
Large/Complex Case Track
The Telecommunications Panel
Administrative Fees
Mediation

**WIRELESS INDUSTRY ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION**

Fast Track
Large/Complex Case Track
Regular Track

REGULAR TRACK
R-1. Agreement of Parties
R-2. Name of Tribunal
R-3. Administrator and Delegation of Duties
R-4. Telecommunications Panel
R-5. Regional Offices
R-6. Initiation Under an Arbitration Provision in a Contract
R-7. Initiation Under a Submission
R-8. Changes of Claim
R-9. Administrative Telephone Conference, Preliminary Hearing, and Mediation Conference
R-10. Exchange of Information
R-11. Fixing of Locale
R-12. Qualifications of an Arbitrator
R-13. Appointment from Telecommunications Panel
R-14. Direct Appointment by a Party
R-15. Appointment of Neutral Arbitrator by Party-Appointed Arbitrators or by Parties
R-16. Number of Arbitrators
R-17. Notice to Arbitrator of Appointment
R-18. Disclosure and Challenge Procedure
R-19. Vacancies
R-20. Date, Time, and Place of Hearing
R-21. Representation
R-22. Stenographic Record
R-23. Interpreters
R-24. Attendance at Hearings
R-25. Postponements
R-26. Oaths

R-27. Majority Decision
R-28. Order of Proceedings and Communication with Arbitrator
R-29. Arbitration in the Absence of a Party or Representative
R-30. Evidence
R-31. Evidence by Affidavit and Posthearing Filing of Documents or Other Evidence
R-32. Interim Measures
R-33. Closing of Hearings
R-34. Reopening of Hearings
R-35. Waiver of Oral Hearing
R-36. Waiver of Rules
R-37. Extensions of Time
R-38. Serving of Notice
R-39. Time of Award
R-40. Form of Award
R-41. Scope of Award
R-42. Modification of Award
R-43. Award upon Settlement
R-44. Delivery of Award to Parties
R-45. Release of Documents for Judicial Proceedings
R-46. Applications to the Court and Exclusion of Liability
R-47. Administrative Fees
R-48. Expenses
R-49. Interest, Fees, and Costs
R-50. Neutral Arbitrator's Compensation
R-51. Deposits
R-52. Interpretation and Application of Rules


FAST TRACK
F-1. Applicability
F-2. Desk Arbitration
F-3. Limitations on Extensions
F-4. Changes of Claim or Counterclaim
F-5. Communication of Notices
F-6. Appointment and Qualification of Arbitrator
F-7. Preliminary Telephone Conference
F-8. Exchange of Exhibits Before Hearings
F-9. Discovery
F-10. Date, Time, and Place of Hearing
F-11. Telephone Hearings
F-12. Hearing
F-13. Time of Award
F-14. Time Standards
F-15. Arbitrator's Compensation


LARGE/COMPLEX CASE TRACK
L-1. Applicability
L-2. Administrative Conference
L-3. Arbitrators
L-4. Preliminary Hearing
L-5. Management of Proceedings
L-6. Optional Review

**Introduction**

At the beginning of 1997, there were an estimated 42 million subscribers to cellular and broadband PCS services. Each year, hundreds of millions of billing and contract-related transactions take place. Occasionally, disagreements develop over these transactions. Many of these disputes could be resolved by arbitration, the submission of a dispute to a disinterested person or persons for final and binding determination. Arbitration has proven to be an effective way to resolve disputes privately, promptly, and economically.

The Cellular Telecommunications Industry Association (CTIA) is a not-for-profit trade

association.  Its members include providers of commercial mobile radio service (i.e., cellular and PCS wireless services) to customers throughout the United States.  CTIA has asked the leading independent experts in arbitration and alternative dispute resolution, the American Arbitration Association (AAA), to administer an arbitration program for the wireless industry and its customers.

The AAA, a public service, not-for-profit organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, families, communities, and all levels of government.  Services are available through AAA headquarters in New York City and through offices located in major cities throughout the United States.  Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices.  In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on all forms of out-of-court dispute settlement.

**Additional Information**

The AAA provides additional information about arbitration and other alternative dispute resolution procedures under the Wireless Industry Arbitration Rules through a toll-free telephone number.  The number is 800-778-7879.

**Administration**

The Rules contain three tracks: Regular Track Procedures; Fast Track Procedures for cases involving claims of less than $2,000; and Large/Complex Case Track Procedures for cases involving claims of at least $500,000.

**Regular Track**:

The Regular Track Procedures apply to cases involving claims between $2,000 and $500,000, and also apply in Fast Track and Large/Complex cases where they do not conflict with any portion of the Fast Track Procedures or the Large/Complex Case Procedures.  Features of the Regular Track Procedures include:

- optional pre-arbitration mediation and/or early neutral evaluation;
- express arbitrator authority to control the discovery process;
- broad arbitrator authority to control the hearing; and
- written breakdowns of the award and, if requested in a timely manner by all parties or in the discretion of the arbitrator, a written explanation of the award.

**Fast Track:**

The Fast Track Procedures apply to cases involving claims of less than $2,000.  Features of these procedures include:

- a 45-day "time standard" for case completion;
- an expedited arbitrator appointment process, with a single arbitrator appointed directly by the AAA from the Telecommunications Panel; and
- a presumption that cases involving less  than $2,000 will be heard on documents  only, with an option of an oral hearing for an additional fee.

**Large/Complex Case Track:**

Large/Complex Case Procedures, which supplement Regular Track Procedures, are for use in cases involving claims of at least $500,000.  Key features of the Large/Complex Case Track procedures include:

- mandatory pre-arbitration mediation and/or early neutral evaluation;
- a presumption of multiple arbitrators;
- a mandatory preliminary hearing with  the arbitrators, which may be conducted by telephone;
- broad arbitrator authority to order discovery, including depositions; and
- a presumption that there will be multiple hearing days scheduled consecutively or

in blocks of hearing days.

**The Telecommunications Panel**

The AAA has established and maintains as members of its Telecommunications Panel individuals competent to hear and determine disputes administered under the Wireless Industry Arbitration Rules. These individuals are neutral, as provided in these Rules. Many of the Telecommunications Panel members are engaged directly in the telecommunications industry. Attorney members typically devote at least half of their practice to telecommunications matters. Telecommunications Panel members serving under these Rules must also attend periodic training.

**Administrative Fees**

The AAA's administrative fees are based on the amount of the claim or counterclaim. Filing fees range from $150 on claims below $2,000 to a negotiated amount for claims in excess of $5 million. In addition, in some cases there are additional administrative hearing and postponement fees. The fees cover AAA administrative services; they do not cover arbitrator compensation or expenses, if any, reporting services, or any post-award charges incurred by the parties in enforcing the award.

**Mediation**

The parties may wish to submit their dispute to mediation privately or through the AAA prior to arbitration. In mediation, a neutral mediator assists the parties in reaching a settlement but does not have the authority to make a binding decision or award. Mediation can be administered by the AAA in accordance with its Mediation Rules. There is no additional administrative fee where parties to a pending arbitration attempt to mediate their dispute under the AAA's auspices, but there may be a fee for the time of the mediator.

**WIRELESS INDUSTRY ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION**

**Fast Track:**

Unless the parties agree otherwise, the Fast Track Procedures shall be applied in any case where no party's disclosed claim or counterclaim exceeds $2,000, exclusive of claimed interest and arbitration fees and costs. Parties are encouraged to agree to the Fast Track Procedures in cases involving more than $2,000. The Fast Track Procedures will not be applied, absent agreement by the parties, in cases in which there is no disclosed monetary claim, or in which any claim for equitable relief is made. The Fast Track Procedures shall be applied as described in Sections F-1 through F-15 of these Rules, in addition to any other portion of these Rules that is not in conflict with the Fast Track Procedures.

**Large/Complex Case Track:**

Unless the parties agree otherwise, the procedures for Large/Complex Cases set forth in Sections L-1 through L-6 of these Rules shall supplement and, where they are in conflict, shall replace, the Regular Track Procedures for all cases administered by the AAA in which the claim or counterclaim of any party is at least $500,000, exclusive of claimed interest and arbitration fees and costs. Any party may also elect to use the Large/Complex Case Procedures in cases involving claims under $500,000, or in cases with undetermined or nonmonetary claims. The Large/Complex Case Track shall be applied as described in Sections L-1 through L-6 of these Rules, in addition to any other portion of these Rules that is not in conflict with the Large/Complex Case Procedures.

**Regular Track:**

Unless the parties agree otherwise, all other cases shall be administered in accordance with Sections R-1 through R-52 of these Rules.

**REGULAR TRACK**

## R-1. Agreement of Parties*

The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they provide for arbitration by the American Arbitration Association (AAA) or under its Wireless Industry Arbitration Rules. These Rules and any amendment of them shall apply in the form obtaining at the time the demand for arbitration or submission agreement is received by the AAA. The parties, by written agreement, may vary the procedures set forth in these Rules.

* The AAA applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business.

## R-2. Name of Tribunal

Any tribunal constituted by the parties for the settlement of their dispute under these Rules shall be called the Arbitration Tribunal.

## R-3. Administrator and Delegation of Duties

When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these Rules, and may be carried out through such of the AAA's representatives as it may direct.

## R-4. Telecommunications Panel

The AAA shall establish and maintain a Telecommunications Panel of arbitrators and shall appoint arbitrators as provided in these Rules.

## R-5. Regional Offices

The AAA may, in its discretion, assign the administration of an arbitration to any of its regional offices.

## R-6. Initiation Under an Arbitration Provision in a Contract

Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

a)    the initiating party (the claimant) shall, within the time period, if any, specified in the contract(s), give written notice to the other party (the respondent) of its intention to arbitrate (the demand), which notice shall contain a statement setting forth the nature of the dispute, the amount involved, if any, the remedy sought, and the hearing locale requested;

b)    the claimant shall at the same time file at any regional office of the AAA two copies of the notice and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule of administrative fees.

The AAA shall give notice of such filing to the respondent or respondents. A respondent may file an answering statement in duplicate with the AAA within ten (10) days after notice from the AAA, in which event the respondent shall at the same time send a copy of the answering statement to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. If a counterclaim is made, the appropriate fee shall be forwarded to the AAA with the answering statement. If no answering statement is filed within the stated time, it will be treated as a denial of the claim. Failure to file an answering statement shall not operate to delay the arbitration.

**R-7. Initiation Under a Submission**

Parties to any existing dispute not covered by any agreement to arbitrate may commence an arbitration under these Rules by filing at any regional office of the AAA two copies of a written submission to arbitrate under these Rules, signed by the parties. It shall contain a statement of the matter in dispute, the amount involved, if any, the remedy sought, and the hearing locale requested, together with the appropriate filing fee as provided in the schedule of administrative fees.

**R-8. Changes of Claim**

A party may, at any time prior to the close of the hearing, increase or decrease the amount of its claim or counterclaim upon payment of any difference in the filing fee that would have been required had such amount originally been claimed. No rebate in filing fees will be provided for decreased claims. Any new or different claim or counterclaim, as opposed to an increase or decrease in the amount of a pending claim or counterclaim, shall be made in writing and filed with the AAA, and a copy shall be mailed to the other party, who shall have a period of ten (10) days from the date of such mailing within which to file an answer with the AAA. After the arbitrator is appointed, no new or different claim or counterclaim may be submitted to that arbitrator except with the arbitrator's consent.

**R-9. Administrative Telephone Conference, Preliminary Hearing, and Mediation Conference**

At the request of any party, or at the discretion of the AAA, in cases not using the Fast Track Procedures, an administrative telephone conference with the AAA and the parties and/or their representatives will be scheduled in appropriate cases to expedite the arbitration proceedings.

At the request of any party, or at the discretion of the arbitrator or the AAA, in cases not using the Fast Track Procedures, a preliminary hearing with the parties and/or their representatives and the arbitrator may be scheduled by the arbitrator to specify the issues to be resolved, to stipulate to uncontested facts, to establish a schedule for hearings to resolve the dispute, and to consider any other matters that will expedite the arbitration proceedings. If the parties agree, the preliminary conference may be conducted by telephone.

With the consent of the parties, the AAA at any stage of the proceeding may arrange a mediation conference under the AAA's Mediation Rules, in order to facilitate settlement. The mediator shall not be an arbitrator appointed to the case. Where the parties to a pending arbitration agree to mediate under the AAA's Mediation Rules, no additional administrative fee is required to initiate the mediation. If the parties agree, the mediation may be conducted by telephone.

**R-10. Exchange of Information**

Consistent with the expedited nature of arbitration, the arbitrator may direct (i) the production of documents and other information, and (ii) the identification of any witnesses to be called. At least two (2) business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing. The arbitrator is authorized to resolve any disputes concerning the exchange of information.

**R-11. Fixing of Locale**

The parties may mutually agree on the locale where the arbitration is to be held.  If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within ten (10) days after notice of the request has been sent to it by the AAA, the locale shall be the one requested.  If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale. The AAA must follow any contract provision on the issue of locale, but otherwise its decision shall be final and binding**.**

**R-12. Qualifications of an Arbitrator**

Any neutral arbitrator appointed pursuant to Section R-13, R-14, R-15, F-6, or L-3, or selected by mutual choice of the parties or their appointees, shall be subject to disqualification for the reasons specified in Section R-18.  If the parties specifically so agree in writing, the arbitrator shall not be subject to disqualification for those reasons.

Unless the parties agree otherwise, an arbitrator selected unilaterally by one party is a party-appointed arbitrator and is not subject to disqualification pursuant to Section R-18.

The term "arbitrator" in these Rules refers to the Arbitration Tribunal, whether composed of one or more arbitrators and whether the arbitrators are neutral or party-appointed.

**R-13. Appointment from Telecommunications Panel**

If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner: immediately after the filing of (a) the submission or (b) the answering statement, or the expiration of the time within which the answering statement is to be filed, the AAA shall send simultaneously to each party to the dispute an identical list of  names of persons chosen from the Telecommunications Panel.

Each party to the dispute shall have ten (10) days from the transmittal date in which to strike names to which it objects, number the remaining names in order of preference, and return the list to the AAA.  In a single arbitrator case, each party may strike three names on a peremptory basis.  In a multi-arbitrator case, each party may strike five names on a peremptory basis.  If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.  From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve.  If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the Telecommunications Panel without the submission of additional lists.

**R-14. Direct Appointment by a Party**

If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed.   The notice of appointment, with the name and address of the arbitrator, shall be filed with the AAA by the appointing party.  Upon the request  of any appointing party, the AAA shall submit a list of members of the Telecommunications Panel from which the party may, if it so desires, make the appointment.

If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment. If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment.  If within ten (10) days thereafter an arbitrator has not been appointed by a party, the AAA shall make the appointment.

**R-15. Appointment of Neutral Arbitrator by Party-Appointed Arbitrators or by Parties**

If the parties have selected party-appointed arbitrators, or if such arbitrators have been appointed as provided in Section R-14, and the parties have authorized them to appoint a neutral arbitrator within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint a neutral arbitrator, who shall act as chairperson.

If no period of time is specified for appointment of the neutral arbitrator and the party-appointed arbitrators or the parties do not make the appointment within ten (10) days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the neutral arbitrator, who shall act as chairperson.

If the parties have agreed that their party-appointed arbitrators shall appoint the neutral arbitrator from the roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-13, a list selected from the roster, and the appointment of the neutral arbitrator shall be made as provided in that section.

### R-16. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators, the dispute shall be heard and determined by one arbitrator.

### R-17. Notice to Arbitrator of Appointment

Notice of the appointment of a neutral arbitrator, whether appointed mutually by the parties or by the AAA, shall be sent to the arbitrator by the AAA, together with a copy of these Rules, and the signed acceptance of the arbitrator shall be filed with the AAA within ten (10) days thereafter.

### R-18. Disclosure and Challenge Procedure

Any person appointed as a neutral arbitrator shall disclose to the AAA any circumstance likely to affect impartiality, including any bias, any financial or personal interest in the result of the arbitration, or any past or present relationship with the parties or their representatives.  Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and to others.  Upon objection of a party to continued service of a neutral arbitrator, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be final.

### R-19. Vacancies

If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant.  Vacancies shall be filled in accordance with the applicable provisions of these Rules.

In the event of a vacancy in a neutral arbitrator office after any hearing has commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

### R-20. Date, Time, and Place of Hearing

The arbitrator shall set the date, time, and place for any hearing.  The AAA shall send a notice of hearing to the parties at least ten (10) days in advance of any hearing date, unless the parties agree otherwise.

### R-21. Representation

Any party may be represented by counsel or other authorized representative.  A party intending to be so represented shall notify the other party and the AAA of the name and address of the representative at least three (3) days prior to the date set for any hearing at which that person is first to appear.  When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

### R-22. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements in advance of the hearing.  The requesting party or parties shall pay the cost of the record.  If the transcript is agreed by the parties to be, or determined by the arbitrator to be, the official record of the proceeding, it must be made available to the arbitrator and to the other parties for inspection, at a date, time, and place determined by the arbitrator.

### R-23. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

### R-24. Attendance at Hearings

The arbitrator shall ensure the privacy of the hearings.  Any person having a direct interest in the arbitration is entitled to attend hearings, but the arbitrator shall have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness.

### R-25. Postponements

The arbitrator for good cause may postpone any hearing upon the request of a party, upon the agreement of all parties, or upon the arbitrator's own initiative.

### R-26. Oaths

Before proceeding with the first hearing, or otherwise reviewing any evidence offered by any party, each arbitrator may take an oath of office and, if it is required by law, shall do so.  The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

### R-27. Majority Decision

All decisions of the arbitrators must be by a majority.  The award must also be made by a majority unless the concurrence of all is expressly required by the arbitration agreement or by law.

### R-28. Order of Proceedings and Communication with Arbitrator

A hearing shall be opened by the filing of the oath of the arbitrator, where required; by the recording of the date, time, and place of the hearing and the presence of the arbitrator, the parties, and their representatives, if any; and by the receipt by the arbitrator of the statement of the claim and the answering statement, if any.

The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.  In some cases, part or all of the above will have been accomplished at the preliminary hearing conducted by the arbitrator pursuant to Section R-9.

The claimant shall then present evidence to support its claim.  The respondent shall then present evidence supporting its defense.  Witnesses for each party shall submit to questions or other examination.  The arbitrator has the discretion to vary this procedure but shall afford a full and equal opportunity to all parties for the presentation of any material and relevant evidence. Exhibits, when offered by either party, may be received in evidence by the arbitrator. The names and addresses of all witnesses and a description of the exhibits, in the order received, shall be made a part of the record.

There shall be no direct communication between the parties and a neutral arbitrator other than at oral hearing, unless the parties and the arbitrator agree otherwise.  Any other oral or written communication from the parties to the neutral arbitrator shall be directed to the AAA for transmittal to the arbitrator.

**R-29. Arbitration in the Absence of a Party or Representative**

The arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement.  An award shall not be made solely on the default of a party.  The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

**R-30. Evidence**

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute.  An arbitrator may issue a subpoena for witnesses or documents upon the request of any party or independently.

The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence, other than to preserve any applicable privileges, shall not be necessary.  The arbitrator may request offers of proof, and may reject evidence deemed by the arbitrator to be cumulative, unreliable, or immaterial.  All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent,  in default, or has waived the right to be present,  or where the arbitration is proceeding without  oral hearing.

**R-31. Evidence by Affidavit and Posthearing Filing of Documents or Other Evidence**

The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator before or after a hearing, the documents or other evidence, unless otherwise agreed by the parties and the arbitrator, shall be filed with the AAA for transmission to the arbitrator.  All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

**R-32. Interim Measures**

At the request of any party, the arbitrator may take whatever interim measures the arbitrator deems necessary, including injunctive relief and measures for the protection or conservation of property.  Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.  A request for interim measures addressed by a  party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or  a waiver of the right to arbitrate.  The arbitrator may apportion costs associated with applications for interim relief in any interim award or in the final award.

**R-33. Closing of Hearings**

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard.  Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare any hearings closed.

If briefs are to be filed, hearings shall be declared closed as of the final date set by the arbitrator for the receipt of briefs.  If documents are to be filed as provided in Section R-31 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearings.  The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon the closing of hearings.

**R-34. Reopening of Hearings**

Hearings may be reopened on the arbitrator's initiative, or by direction of the arbitrator

upon application of a party, at any time before the award is made.  If reopening hearings would prevent the making of the award within the specific time agreed to by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time.  When no specific date is fixed by agreement of the parties, the arbitrator shall have thirty (30) days from the closing of reopened hearings within which to make an award.

### R-35. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings.  If the parties agree to waive oral hearings after the appointment of the arbitrator, the consent of the arbitrator must be obtained.

### R-36. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

### R-37. Extensions of Time

The parties may modify any period of time by mutual agreement.  The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award.  The AAA shall notify the parties of any extension.

### R-38. Serving of Notice

Each party shall be deemed to have consented that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these Rules, for any court action in connection therewith, or for the entry of judgment on any award made under these Rules, may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held.

The AAA and the parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these Rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other method of communication.

### R-39. Time of Award

The award shall be made promptly by the arbitrator and, unless specified by law, no later than thirty (30) days from the date of closing of hearings, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

### R-40. Form of Award

The award shall be in writing and shall be signed by a majority of the arbitrators.  It shall be executed in the manner required by law.  The arbitrator shall provide a concise, written breakdown of the award.  If required by law, if requested in writing by all parties prior to the appointment of the arbitrator, or if the arbitrator believes it is appropriate to do so, the arbitrator shall provide a written explanation of the award.

### R-41. Scope of Award

The arbitrator may grant any remedy or relief, including equitable relief, that the arbitrator deems just and equitable and that does not exceed the scope of the agreement of the parties.  The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Sections R-47, R-48, and R-49 in favor of any party and, in the event that any administrative fees or expenses are due the AAA, in favor of the AAA.

**R-42. Modification of Award**

Within twenty (20) days after the transmittal of an award, any party, upon notice to the other parties, may request that the arbitrator correct any clerical, typographical, technical, or computational errors in the award.  The arbitrator is not empowered to redetermine the merits of any claim already decided.

The other parties shall be given ten (10) days to respond to the request.  The arbitrator shall dispose of the request within twenty (20) days after transmittal by the AAA to the arbitrator of the request and any response thereto.

**R-43. Award upon Settlement**

If the parties settle their dispute during the course of the arbitration, the arbitrator may set forth the terms of the agreed settlement in an award.  Such an award is referred to as a consent award.

**R-44. Delivery of Award to Parties**

Parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any other manner that is permitted by law.

**R-45. Release of Documents for Judicial Proceedings**

The AAA shall, upon the written request of a party, furnish to the party, at its expense, certified copies of any papers in the AAA's possession that may be required in judicial proceedings relating to the arbitration.

**R-46. Applications to the Court and Exclusion of Liability**

a)    No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

b)    Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary party in judicial proceedings relating to the arbitration.

c)    Parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

d)    Neither the AAA nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these Rules.

**R-47. Administrative Fees**

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees and service charges to compensate it for the cost of providing administrative services.  The fees in effect when the fee or charge is incurred shall be applicable.

The filing fee shall be advanced by the initiating party or parties, subject to final apportionment by the arbitrator in the award.

The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

**R-48. Expenses**

Each party shall bear the expense of its own counsel, experts, witnesses, and preparation and presentation of proofs.  All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and the cost

of any proof produced at the direct request of the arbitrator, may be the subject of an award, and shall be borne equally by the parties pending an award.

### R-49. Interest, Fees, and Costs

The award may include: (a) interest at such rate and from such date as the arbitrator may deem appropriate; and (b) an apportionment between the parties of all or part of the fees and expenses of the AAA and the compensation and expenses of the arbitrators.

### R-50. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation, beginning with the first day of hearings.  The parties shall be entitled upon request to the AAA to know the stated rate of compensation of any prospective neutral arbitrator.

If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the Association and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

### R-51. Deposits

The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

### R-52. Interpretation and Application of Rules

The arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties.  When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be decided by a majority vote.  If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision.  All other Rules shall be interpreted and applied by the AAA.

## FAST TRACK

### F-1. Applicability

Unless any party or the AAA determines otherwise, these procedures shall apply in any case in which no party's total disclosed claim or counterclaim exceeds $2,000, exclusive of claimed interest and arbitration fees and costs.  Parties are encouraged to agree to use these procedures in cases involving more than $2,000.  The Fast Track Procedures will not be applied, absent agreement by the parties, in cases in which there is no disclosed monetary claim.  The Fast Track Procedures shall be applied as described herein, in addition to any other portion of these Rules that is not in conflict under the Fast Track Procedures.

### F-2 Desk Arbitration

Arbitration under the Fast Track Procedures shall be based on written submissions by the parties, setting forth their reasons and evidence for their positions, without an oral hearing, unless any party requests a hearing or the arbitrator determines that an oral hearing is necessary.  Written submissions should generally not exceed fifteen pages, exclusive of exhibits.  Written submissions shall contain the following statement: "declare under penalty of perjury that the facts and exhibits in this submission are true to the best of my knowledge, information, and belief, except as otherwise stated herein."

### F-3. Limitations on Extensions

In the absence of extraordinary circumstances, the AAA may grant a party no more than one seven-day extension of the time in which to respond to the demand for arbitration or counterclaim.  In extraordinary circumstances, the AAA or the arbitrator may grant an additional extension.

### F-4. Changes of Claim or Counterclaim

A claim or counterclaim may be increased in amount upon the agreement of the other party or the consent of the arbitrator, and upon payment of any difference in the filing fee that would have been required if such amount had originally been claimed.  No new or different claim may be submitted once the time for filing an answer has expired.

If an increased claim or counterclaim exceeds $2,000, the case will remain in Fast Track unless either party requests Regular Track or Large/Complex Case Track arbitration.

### F-5. Communication of Notices

The parties shall accept all notices from the AAA by mail, overnight delivery, or electronic facsimile (fax).  Where all parties and the arbitrator agree, notices may be transmitted by telephone, electronic mail (E-mail), or other method of communication.

### F-6. Appointment and Qualification of Arbitrator

Immediately after the filing of the answering statement or the expiration of the time within which the answering statement is to be filed, the AAA will transmit to the parties a list of, and biographical information about, members of the Telecommunications Panel who are available for service in Fast Track cases.  The parties are encouraged to agree to an arbitrator from this list, and to advise the AAA of their agreement, or any objections to any of the listed arbitrators, within seven (7) days of the AAA's transmission of the list.  The AAA will appoint the agreed-upon arbitrator, or in the event the parties cannot agree on an arbitrator, will designate the arbitrator from among those names not stricken for objections.

The parties will be given notice by the AAA of the appointment of the arbitrator, who shall be subject to disqualification for the reasons and under the procedures specified in Section R-18 of the Regular Track portion of these Rules.

### F-7. Preliminary Telephone Conference

As promptly as practicable after the appointment of the arbitrator, a preliminary telephone conference shall be held among the parties or their attorneys or representatives, and the arbitrator.

The arbitrator shall establish a fair and equitable procedure and schedule for submission of documents and for exchange of exhibits among the parties.  At this conference, any party may make a request for an oral hearing.

### F-8. Exchange of Exhibits Before Hearings

At least two (2) business days prior to any hearing, the parties shall exchange copies of all exhibits they intend to submit at the hearing.   The arbitrator is authorized to resolve any disputes concerning the exchange of exhibits.   No prior exchange of exhibits is required for desk arbitrations.

### F-9. Discovery

There shall be no discovery, except as provided in Section F-8 or as ordered by the arbitrator in extraordinary cases when the demands of justice require it.  In no event shall the arbitrator order any depositions.

**F-10. Date, Time, and Place of Hearing**

If a party has requested an oral hearing, the arbitrator shall, after payment of the required hearing fee by the party requesting the hearing, set the date, time, and place of the hearing, which shall be scheduled to take place within thirty (30) days of confirmation of the arbitrator's appointment.  The AAA will notify the parties in advance of the hearing date.  A formal notice of hearing will also be sent by the AAA to the parties.

**F-11. Telephone Hearings**

Either or both parties or the arbitrator may request a telephone hearing.  No hearing fee will be charged for a single telephone hearing.  A hearing fee may be imposed as provided in the AAA's administrative fee schedule for any subsequent telephone hearing.

**F-12. Hearing**

Generally, hearings shall not exceed, in cumulative total, one (1) day.  Unless the arbitrator determines otherwise, each party shall have equal opportunity to submit its proofs and complete its case.  The arbitrator shall determine the order of the hearings, and may require further submission of documents within two (2) days after any hearing.  For good cause, the arbitrator may schedule one additional hearing day within seven (7) days after the initial hearing.

Generally, there will be no stenographic record.  Any party desiring a stenographic record shall make arrangements directly with a stenographer, and shall notify the other party of these arrangements in advance of the hearing.  A copy shall be made available for inspection by the other party and the arbitrator, at the expense of the ordering party.

**F-13. Time of Award**

The award shall be rendered not later than seven (7) days from the date of the final submission of documents or closing of any hearings.

**F-14. Time Standards**

The arbitration shall be completed by settlement or award within forty-five (45) days of confirmation of the arbitrator's appointment, unless all parties and the arbitrator agree otherwise or the arbitrator extends this time in extraordinary cases when the demands of justice require it.  The AAA may modify these time standards in the event the parties submit their dispute to mediation.

**F-15. Arbitrator's Compensation**

The arbitrator will receive compensation at a per case rate to be determined by the AAA regional office administering the case, except for cases in which no party's disclosed claim exceeds $1,000.  In such cases, the arbitrator will customarily serve for one (1) day of hearing without such compensation.

**LARGE/COMPLEX CASE TRACK**

**L-1. Applicability**

   a)    Unless the parties agree otherwise, the Large/Complex Case Procedures shall apply to all cases administered by the AAA under these Rules in which the disclosed claim or counterclaim of any party is at least $500,000, exclusive of claimed interest and arbitration fees and costs.  Any party may also elect to use the Large/Complex Case Procedures in cases involving claims or counterclaims under $500,000, or in cases with undetermined or non-monetary claims.  Any such cases are herein referred to as Large/Complex Cases.  The Large/Complex Case Procedures are designed to supplement the Regular Track Procedures.  To the extent that there is any variance between the

Regular Track Procedures and the Large/Complex Case Procedures, the Large/Complex Case Procedures shall apply.

b)    The parties to any arbitration proceeding that is subject to the Large/Complex Case Procedures may, prior to the appointment of the arbitrator(s) and by consent of all parties, agree to eliminate, modify, or alter any of these procedures.  In such case, these procedures as so modified or altered shall apply to that particular case. After appointment of the arbitrator(s), such modifications may be made only with the consent of the arbitrator(s).

## L-2. Administrative Conference

Prior to the dissemination of a list of potential arbitrators, the AAA shall, unless it determines the same to be unnecessary, conduct an administrative conference with the parties or their attorneys or other representatives, either in person or by conference call, at the discretion of the AAA.  Such administrative conference shall be conducted for the following purposes and for such additional purposes as the parties or the AAA may deem appropriate, including:

a)    to obtain additional information about  the nature and magnitude of the dispute and the anticipated length of hearing  and scheduling;

b)    to discuss the views of the parties about  the technical and other qualifications of the arbitrators;

c)    to obtain conflicts statements from the parties; and

d)    to discuss and arrange for mediation and/or early neutral evaluation with  the parties.

## L-3. Arbitrators

a)    Unless the parties have agreed otherwise, Large/Complex Cases shall be heard and determined by three arbitrators.

b)    The AAA shall provide each party with a list of eight arbitrators selected from the Commercial Panel, four from the Telecommunications Panel, and four from the Large/Complex Case Panel.  Parties shall then select an arbitrator, or a panel of three arbitrators if any party has so requested, in the manner provided in the Regular Track portion of these Rules.

## L-4. Preliminary Hearing

As promptly as practicable after the selection of the arbitrator(s), a preliminary hearing shall be held among the  parties or their attorneys or other representatives and the arbitrator(s).  With the consent of the arbitrator(s) and the parties, the preliminary hearing may: (a) be conducted by telephone conference call rather than in person; or (b) be omitted.

At the preliminary hearing the matters to be considered shall include, without limitation: (a) service of a detailed statement of claims, damages, and defenses, a statement of the issues asserted by each party and positions with respect thereto, and any legal authorities the parties may wish to bring to the attention of the arbitrator(s); (b) stipulations to uncontested facts; (c) the extent to which discovery shall be conducted; (d) exchange and premarking of those documents which each party believes may be offered at the hearings; (e) the identification and availability of witnesses, including experts, and such matters with respect to witnesses including their biographies and expected testimony as may be appropriate; (f) whether, and the extent to which, any sworn statements and/or depositions may be introduced; (g) the extent to which hearings will proceed on consecutive days; (h) whether a stenographic or other official record of the proceedings shall be maintained; and (i) the possibility of further use of mediation or other nonadjudicative methods of dispute resolution.

**L-5. Management of Proceedings**

a)  Arbitrator(s) shall take such steps as they may deem necessary or desirable to avoid delay and to achieve a just, speedy, and cost-effective resolution among the parties of Large/Complex Cases.

b)  Parties shall cooperate in the exchange of documents, exhibits, and information within such party's control if the arbitrator(s) consider such production to be consistent with the goal of achieving a just, speedy, and cost-effective resolution of a Large/Complex Case.  The parties may conduct such document discovery as may be agreed to by all the parties provided, however, that the arbitrator(s) may place such limitations on the conduct of such discovery as the arbitrator(s) shall deem appropriate.  If the parties cannot agree on document discovery, the arbitrator(s), for good cause shown and consistent with the expedited nature of arbitration, may establish the extent of same.

c)  Parties shall cooperate in the conduct of the deposition of, or the propounding of interrogatories to, witnesses or parties if the arbitrator(s) consider such discovery to be consistent with the goal of achieving a just, speedy, and cost-effective resolution of a Large/Complex Case.  The parties may conduct such discovery as may be agreed to by all the parties provided, however, that the arbitrator(s) may place such limitations on the conduct of such discovery as the arbitrators shall deem appropriate.  If the parties cannot agree on discovery, the arbitrators, for good cause shown and consistent with the expedited nature of arbitration, may establish the extent of same.

d)  Generally, hearings will be scheduled on consecutive days or in blocks of consecutive days in order to maximize efficiency and minimize costs.

e)  The arbitrator(s) may direct the stenographic recording of the hearings, the cost of which shall be borne equally by the parties pending an award.

**L-6. Optional Review**

The parties may provide by prior agreement for the review of any award.  Such review shall be initiated by written notice to the AAA within thirty (30) days after the award is issued.  The review will be conducted by a new arbitrator selected in the same manner as the initial arbitrator, subject to any conditions to which the parties have agreed.  The review arbitrator may not consider any new or different claims, but may review the original award to the same extent as the original arbitrator.  The review arbitrator may either hold hearings or not, and may either confirm the original award or issue a new award, neither of which will be reviewable by any other arbitrator.

**Administrative Fees**

The AAA's administrative fees are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation, where applicable, and administrative fees are subject to allocation by the arbitrator in the award.

In an effort to make arbitration costs reasonable for consumers, the AAA has a separate fee schedule for consumer-related disputes.  Please refer to Section C-8 of the *Supplementary Procedures for Consumer-Related Disputes* when filing a consumer-related claim.

**Filing Fees**

A nonrefundable filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed, as provided below.

| Amount of Claim | Filing Fee |
|-----------------|------------|
| Up to  $2,000 | $150 |

| | |
|---|---|
| Above $ 2,000 to $10,000 | $500 |
| Above $10,000 to $50,000 | $750 |
| Above $50,000 to $100,000 | $1,250 |
| Above $100,000 to $250,000 | $2,000 |
| Above $250,000 to $500,000 | $3,500 |
| Above $500,000 to $l,000,000 | $5,000 |
| Above $1,000,000 to $5,000,000 | $7,000 |

When no amount can be stated at the time of filing, the minimum fee is $2,000, subject to increase when the claim or counterclaim is disclosed.

When a claim or counterclaim is not for a monetary amount, an appropriate filing fee will be determined by the AAA.

The minimum filing fee for any case having three or more arbitrators is $2,000.

The administrative fee for claims in excess of $5,000,000 will be negotiated.

**Hearing Fees**

For each day of hearing held before a single arbitrator, an administrative fee of $150 is payable by each party.

For each day of hearing held before a multi-arbitrator panel, an administrative fee of $250 is payable by each party.

There is no hearing fee for the initial hearing in which no party's claim exceeds $1,000, administered under the Fast Track Procedures.

There is no AAA hearing fee for the initial Procedural Hearing.

**Postponement/Cancellation Fees**

A fee of $150 is payable by a party causing a postponement of any hearing scheduled before a single arbitrator.

A fee of $250 is payable by a party causing a postponement of any hearing scheduled before a multiarbitrator panel.

**Hearing Room Rental**

The Hearing Fees described above do not cover the rental of hearing rooms. Check with the administrator for availability and rates.

**Suspension for Nonpayment**

If arbitrator compensation or administrative charges have not been paid in full, the administrator may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the administrator may suspend the proceedings.

©2004 American Arbitration Association. All Rights Reserved.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

June 8, 2005

VIA FACSIMILE

Scott A. Bursor, Esq.
Law Offices of Scott A. Bursor
500 Seventh Avenue, 10th Floor
New York, NY 10018

Jayne A. Goldstein, Esq.
Mager White & Goldstein, LLP
2825 University Drive, Suite 350
Coral Springs, FL 33065

David Pastor, Esq.
Gilman and Pastor LLP
60 State Street, 37th Floor
Boston, MA 02109

David A. Coulson, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

Re: 11 459 01274 05
Patricia Brown, on an individual basis, and also
on a classwide basis on behalf of others similarly
situated
and
Cellco Partnership d/b/a Verizon Wireless

Dear Counsel:

This will acknowledge receipt on June 6, 2005, of a Demand for Arbitration dated June 3, 2005. We understand that a copy was sent to Respondent.

This case will be administered under the Association's Supplementary Rules for Class Arbitrations an amended and in effect October 8, 2003 and the Wireless Industry Arbitration Rules as amended and in effect July 1, 2003, which can be found on the Association's web site at www.adr.org.

If you would like a printed copy of these procedures, please contact the undersigned.

This will also acknowledge receipt of your payment in the amount of $100.00. Pursuant to the Supplementary Rules for Class Arbitrations, a preliminary filing fee of $3,250.00 is due at the time of filing. Therefore, there is an outstanding balance of $3,150.00. Accordingly we ask that the balance of the filing fee be remitted with within 7 days. Absent a response by June 15, 2005, we will return all paperwork and will not consider this matter filed.

If you have any questions, please contact the undersigned.

Sincerely,

Katharine M. Flanagan
Supervisor
401 431 4714
FlanaganK@adr.org

Catherine E. Shanks
Vice President
401 431 4848
shanksc@adr.org

Encl.