UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC.<br><br>                                    Petitioners,<br><br>        v.<br><br>PATRICIA BROWN, HAROLD P. SCHROER and DAWN M. ZOBRIST, on an individual basis and on behalf of others similarly situated<br><br>                                    Respondents. | Docket No.  08-CV-427 (RWS) |

**BRIEF OF PLAINTIFF JOHN WAUDBY IN OPPOSITION TO RESPONDENTS' ORDER TO SHOW CAUSE TO ENFORCE ARBITRATOR'S INJUNCTION**

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
William M. Sweetnam
Eric C. Brunick
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois  60602
(312) 220-0000

Jonathan Shub
Scott Alan George
SEEGER WEISS
550 Broad Street
Newark, New Jersey  07102
(973) 639-9100

Richard J. Burke
RICHARD J. BURKE LLC
1010 Market Street, Suite 660
St. Louis, Missouri 63101
(314) 880-7000

Co-Counsel for Plaintiff
John Waudby and Interim Class Counsel

## TABLE OF CONTENTS

Table Of Authorities ................................................................................................................ ii

Preliminary Statement ........................................................................................................... 1

Legal Argument ..................................................................................................................... 5

Respondents' Order To Show Cause Should Be Denied .......................................................... 5

    a)    Standards For Preliminary Injunction ..................................................................... 5

    B)    The Arbitration Award Cannot Be Confirmed
            Under The Federal Arbitration Act ...................................................................... 6

            i)    The Arbitrator Issued The Underlying
                  Injunction Without Notice To Mr. Waudby ......................................... 6

            ii)    The Arbitrator Exceeded A Court's
                  Authority In Issuing The Injunction ..................................................... 10

Conclusion ........................................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*Chauffeurs, Teamsters & Helpers, Local 301 v. Holland*, 732 F.Supp. 918 (N.D.Ill. 1990) .......... 11
*Ferrari North America, Inc. v. Crown Auto Dealerships*, 1995 WL 614558 (S.D.N.Y. 1995) ... 13
*Ford v. Reynolds*, 316 F.3d 351 (2d Cir. 2003) ......................................................................... 5
*Greene v. Greene*, 47 N.Y.2d 447, 391 N.E.2d 1355,  418 N.Y.S.2d 379 (1979) ........................ 9
*Hunt v. Mobil Oil Corp.*, 557 F.Supp. 368 (S.D.N.Y. 1983) ........................................................ 13
*In re Baldwin United*, 770 F.2d 328 (2d Cir. 1985) ................................................................. 8, 14
*In re Diet Drugs Products Liability Litigation*, 282 F.3d 220 (3d Cir. 2002) ............................ 13
*In re Managed Care Litigation*, 236 F.Supp.2d 1336 (S.D.Fla. 2002) ......................................... 11
*In re March*, 988 F.2d 498 (4th Cir. 1993) ................................................................................. 11
*In re Necchi Sewing Machine Sales Corp.*, 260 F.Supp. 665 (S.D.N.Y. 1996) ........................... 13
*International Fashion Products B.V. v. Calvin Klein, Inc.*, 1995 WL 92321 (S.D.N.Y. 1995) ... 14
*ITT Community Development Corp. v. Barton*, 569 F.2d 1351 (5th Cir. 1978) .............................. 11
*Kline v Burke Construction Co.*, 260 U.S. 226 (1922) .......................................................... 12, 13
*MONY Group, Inc. v. Highfield's Capital Management, L.P.*, 368 F.3d 138 (2d Cir. 2004) ......... 5
*Network Cineman Corp. v. Glassburn*, 357 F.Supp. 169 (S.D.N.Y. 1973) ................................... 13
*Nuclear Electric Insurance Limited v. Central Power and Light Co.*,
   926 F.Supp. 428 (S.D.N.Y. 1996); ........................................................................................... 13
*Paramedics Eletromedicina Commercial LTDA v. GE Medical Systems Information
   Technologies*, 2003 WL 23641529 (S.D.N.Y. 2003) ............................................................... 13
*Pervel Industries, Inc. v. TM Wallcovering, Inc.*, 675 F.Supp. 867 (S.D.N.Y. 1987) ................. 13
*Peters v. Brants Grocery*, 990 F.Supp. 1337 (M.D.Ala 1998) ................................................... 12
*Reichman v. Creative Real Estate Consultants*, 476 F.Supp. 1276 (S.D.N.Y. 1979) .................... 6
*Reliance National Insurance Co. v. Seismik Risk Insurance Services*,
   962 F.Supp. 385 (S.D.N.Y. 1997) ........................................................................................... 13
*Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 386 F.3d 419 (2d Cir. 2004) ...... 12
*Roche v. Local 32B-32J Service Employees International Union*,
   755 F.Supp. 622 (S.D.N.Y. 1991) ............................................................................................. 6
*Rosen v. Siegel*, 106 F.3d 28 (2d Cir. 1997) ................................................................................ 7
*SR International Business Insurance Co., Ltd. v World Trade Center Properties, LLC*,
   445 F.Supp. 356 (S.D.N.Y. 2006) ........................................................................................... 12
*Standard Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58 (2d Cir. 1990) ................ 12
*Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623 (1977) ............................................................... 12
*Vernitron Corp. v. Benjamin*, 440 F.2d 105 (2d Cir. 1971) ......................................................... 12
*Weitzman v. Stein*, 897 F.2d 653 (2d Cir. 1990) .......................................................................... 7

**Statutes**

28 U.S.C. § 1651(a) .................................................................................................................. 11
28 U.S.C. § 2283 ....................................................................................................................... 11
9 U.S.C. § 10(a)(4) .................................................................................................................... 10
9 U.S.C. § 10(c)(3) ................................................................................................................ 6, 10

**Rules**

AAA Wireless Industry Rule 20 .................................................................................................. 6
AAA Wireless Rule 29 ................................................................................................................ 7

## PRELIMINARY STATEMENT

The undersigned represents John Waudby, plaintiff in the civil action pending in the United States District Court for the District of New Jersey, encaptioned *John Waudby, individually and on behalf of all others similarly situated v. Verizon Wireless Services LLC, et al.*, Civil Action No. 07-470(FLW)(the "New Jersey Action"). By way of Opinion and Order dated February 15, 2008, Mr. Waudby's counsel was appointed as Interim Class Counsel in the New Jersey Action, and the Court denied Respondent's counsel's motion to intervene and to be appointed as Interim Class Counsel.[1] Mr. Waudby is the class member which Respondents seek to enjoin in the Order to Show Cause pending before the Court. The underlying injunction, and this Order to Show Cause, were spawned by the New Jersey District Court's denial of the motion by Respondents' counsel to intervene and to be appointed as class counsel, as reflected in the Opinion and Order.

This is the latest chapter in the bizarre and increasingly desperate procedural maneuvers by Respondents' counsel to take over the New Jersey Action. In November 2007, Respondents' counsel, through another plaintiff, moved in the New Jersey Action to intervene and to be appointed as class counsel. In other words, Respondent affirmatively sought substantive relief from the New Jersey federal court, and sought an order appointing him the designated leader of the putative class identified in the New Jersey Action. Mr. Waudby opposed those motions and cross-moved for the appointment of his own counsel as Interim Class Counsel. At a scheduling conference on January 18, 2008, which was attended by a representative for Respondent, the Magistrate Judge assigned to the New Jersey Action indicated that he was inclined to deny Respondents' counsel's motion to intervene.

---

[1]     A copy of the Opinion and Order is annexed as Exhibit 5 to the Declaration of Hojoon Hwang. It is also available online at 2008 WL 421982.

Having lost a fair fight in the New Jersey District Court, Respondents' counsel embarked upon an unfair fight before the arbitrator. Respondents moved before the arbitrator, without notice to Mr. Waudby, to enjoin all class members[2] from proceeding with any other class actions, thus putting Respondents' counsel in charge of the New Jersey Action by remote control when he could not place himself in charge directly. At that point, Mr. Waudby was the only class member who was prosecuting a class action which would arguably fall within the parameters of the injunction sought by Respondents. By his own admission, Respondents' counsel sought relief before the arbitrator because he believed the Court would all but "rubber stamp" the arbitrator's decision. (Bursor Dec., Ex. 7, p. 26, l. 22 to p. 27, l. 4).

While Respondent's secret motion was pending before the arbitrator, the New Jersey District Court formally denied Respondents' counsel's motion to intervene by way of the February 15 Opinion and Order, and appointed Mr. Waudby's counsel as Interim Class Counsel in the New Jersey Action. On March 4, 2008, the same day that the secret motion for an injunction was argued before the arbitrator, Respondents' counsel filed an appeal of the Magistrate Judge's February 15 Order. On March 10, 2008, the arbitrator issued the award which is the subject of this application. At no point did Respondent inform Mr. Waudby's counsel (or the New Jersey District Court) of his hidden activities before the Arbitrator. Of course, he had an absolute duty to do so since those activities were designed to disrupt the New Jersey District Court's exercise of its legitimate jurisdiction over the dispute before it. Certainly, there was a duty of candor imposed upon Respondent's counsel (Mr. Bursor), which required

---

[2]    Respondents and Mr. Waudby disagree as to the extent of the classes certified by the arbitrator. Notably, Verizon has not offered its own interpretation of the classes certified. The extent of the class is relevant for present purposes only for determining whether Mr. Waudby is a member of at least one of the classes and, thus, potentially the subject of the injunction.

him to bring all facts to the attention of the New Jersey District Court when he was asking that Court to enter orders on his behalf.

The first Mr. Waudby learned that an application for an injunction had even been made was on March 14, 2008, when Respondents' counsel advised Waudby's counsel that they would be appearing in this Court seeking temporary restraints enforcing the arbitrator's award. Why Respondent felt it necessary to proceed by way of temporary restraints remains entirely unclear since the only action by any party which needed to be taken over the short term was for Mr. Waudby to oppose Respondents' counsel's appeal in the New Jersey Action.

Judge Cedarbaum correctly rejected Respondents' attempt to short circuit the New Jersey Action because she saw no emergency requiring the immediate intervention of this Court, particularly since Judge Kaplan would be returning on the following Monday. On March 17, Judge Kaplan recused himself and the matter was assigned to Your Honor. The Court denied Respondents' application for temporary restraints and set this matter for a hearing for Wednesday, March 26.

Undeterred by the Court's denial of temporary restraints pending the March 26 hearing, Respondents' counsel then sent a letter to Judge Wolfson in New Jersey on Wednesday, March 19, making an informal application for a stay pending the March 26 hearing. (Taylor Dec., Ex. A). In other words, after failing to convince the Court of the need for a TRO, Respondent immediately went to another forum to obtain essentially the same relief, albeit by "informal application."

For the reasons set forth below, Respondents' application to confirm the arbitration award enjoining Mr. Waudby from prosecuting the New Jersey Action should be denied. Respondents' counsel is forum shopping, hoping to find someone who will put him in charge of the New Jersey Action. He failed in New Jersey, so he went behind Mr. Waudby's back to the

3

arbitrator and is hoping to have this Court "rubber stamp" the arbitrator's award. The arbitrator's award cannot be confirmed under the Federal Arbitration Act. The entry of the injunction without notice to Mr. Waudby is misconduct by the arbitrator which prejudiced Mr. Waudby's rights. Further, the arbitrator exceeded his powers by purportedly enjoining Mr. Waudby from proceeding in the New Jersey Action.

Finally, the issue of "control" of the New Jersey Action has already been decided in New Jersey, by a federal judge with legitimate jurisdiction over the issue. Respondent should not be permitted to collaterally attack that decision, particularly when he has a remedy in New Jersey which he is already availing himself of – his pending appeal in the New Jersey Action.

## LEGAL ARGUMENT

### RESPONDENTS' ORDER TO SHOW
### CAUSE SHOULD BE DENIED

Respondents seek temporary restraints and an injunction against Mr. Waudby from proceeding with the New Jersey Action by enforcing an arbitration award which was issued without notice to Mr. Waudby. For the reasons set forth below, the injunction sought by Respondents should be denied. Respondents will not suffer irreparable harm, nor do they have a reasonable chance of success on the merits. The underlying arbitration award was issued without due process to Mr. Waudby, and exceeded the injunctive powers of a court.

**a)**      **The Standards Governing Preliminary Injunctions**

In order to obtain a preliminary injunction, the movant must demonstrate 1) that it will be irreparably harmed in the absence of an injunction, and 2) either a likelihood of success on the merits or sufficiently serious questions going to the merits of the case to make it a fair ground for litigation and the balance of hardships tipping decidedly in its favor. *MONY Group, Inc. v. Highfield's Capital Management, L.P.*, 368 F.3d 138, 143 (2d Cir. 2004). Irreparable harm is generally harm requiring a remedy other than mere money damages. *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003). Respondents cannot meet this difficult burden. As will be shown, Respondents have no likelihood of success on the merits and the arbitration award cannot be confirmed.[3]

---

[3]      From the informal discussions in chambers with the Court, it was our understanding that the Court would rule on the merits as to whether the underlying arbitration award should be confirmed on the return date of the Order to Show Cause. Mr. Waudby is prepared to proceed in that fashion, rather than what was provided in Respondents' Order to Show Cause. The merits of his position are set forth below.

**b)** **The Arbitration Award Cannot Be Confirmed Under The Federal Arbitration Act.**

Respondents are coming before the Court with a stacked deck. Respondents obtained the injunction they seek to enforce here without notice to Mr. Waudby or an opportunity to be heard. From reading the papers which were submitted to the arbitrator, it is quite obvious that Mr. Waudby was the party Respondents sought to have the arbitrator enjoin. It is also quite clear that Mr. Waudby had no notice of the application to the arbitrator. Now, having obtained an injunction purportedly preventing Mr. Waudby from proceeding with the New Jersey Action, which the arbitrator did not have authority to issue in the first instance, Respondents have raced to this Court to enforce the injunction, arguing that the arbitrator's decision is subject to only the narrowest standard of review. (*See* Respondents' Brief at 6). For the reasons set forth below, the award cannot be confirmed.

     **i)** **The Arbitrator Issued The Underlying**
             **Injunction Without Notice To Mr. Waudby**

The Federal Arbitration Act, 9 U.S.C. § 10(c)(3), provides that an arbitration award cannot be confirmed if the arbitrator was guilty of any "misbehavior by which the rights of any party have been prejudiced." In order to vacate an award as a result of arbitrator misconduct, there must be a denial of fundamental fairness in the arbitration proceeding. *Roche v. Local 32B-32J Service Employees International Union*, 755 F.Supp. 622, 624 (S.D.N.Y. 1991); *Reichman v. Creative Real Estate Consultants*, 476 F.Supp. 1276, 1285 (S.D.N.Y. 1979). Here, the arbitration proceedings regarding the issuance of the injunction against Mr. Waudby proceeding in the New Jersey Action were fundamentally unfair insofar as Mr. Waudby was concerned because he did not receive notice of the application or an opportunity to be heard.

AAA Wireless Industry Rule 20 provides: "The arbitrator shall set the date, time, and place for any hearing. The AAA shall send a notice of hearing to the parties at least ten (10)

days in advance of any hearing date, unless the parties otherwise agree." Rule 29 further

provides: "The arbitration may proceed in the absence of any party or representative who, *after*

*due notice*, fails to be present or fails to obtain a postponement." (emphasis added). Fed. R. Civ.

P. 65(a), while not directly applicable, is instructive when read in conjunction with the applicable

AAA Rules. The Federal Rules provide: "No preliminary injunction shall be issued without

notice to the adverse party." The purpose of this rule is to give the opposing party a fair

opportunity to oppose the motion for a preliminary injunction. *Rosen v. Siegel*, 106 F.3d 28, 31

(2d Cir. 1997); *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990). The court must give the

opposing party sufficient time to marshall his evidence and present his arguments against the

issuance of the injunction. *Id.* Thus, it is a basic rule of fairness and due process that a party

receive notice and a reasonable opportunity to be heard before an injunction may be issued

against them, whether proceeding in arbitration or in court.

While styled as an injunction against all class members, Mr. Waudby was the only target

of Respondents' injunction request. As such, fundamental fairness dictated that he receive notice

of the application and an opportunity to be heard. Yet, he was not served with Respondents'

papers requesting the injunction, did not otherwise receive notice of the application, and

Respondents quite brazenly argue that he was not entitled to notice and an opportunity to be

heard. As far as Respondents are concerned, it was quite proper for them to obtain an injunction

behind Mr. Waudby's back and ask this Court to "rubber stamp" it. Fundamental fairness

dictates otherwise.

The injunction request was filed before the arbitrator after the January 18, 2008

conference in the New Jersey Action where the Magistrate Judge indicated that he was inclined

to deny the pending motion to intervene which had been filed by Respondent's counsel. That

application was filed with the arbitrator and decided by the arbitrator without notifying Mr.

Waudby or giving him an opportunity to be heard.  As a result, Mr. Waudby had an injunction purportedly issued against him without notice.  The first notice he had that an injunction had even been applied for was when Respondents' counsel gave notice on the morning of March 14 that he would be seeking temporary restraints from the Court.  The failure of the arbitrator to give Mr. Waudby basic due process is misbehavior which prejudiced Mr. Waudby's rights.

The four reasons advanced by Respondents (Respondents' Reply Brief at 12-13) as to why Mr. Waudby was not entitled to notice are all meritless.  Indeed, the first and fourth reasons are the same reason, that the Court has the power to enjoin class members from proceeding with other litigation when a settlement is imminent.  As is more fully explained below, special rules apply where the settlement of a class action is close at hand.  Further, the quoted passage from *In re Baldwin United*, 770 F.2d 328, 338-39 (2d Cir. 1985), deals with a court's authority to issue a class-wide injunction under the All-Writs Act.  It does not address the issue of who is or is not entitled to notice.  Concededly, notice to thousands of class members in advance of such an injunction might be impractical.  However, while the wording of the injunction is directed at the entire class, the relief sought was actually directed at only one class member, Mr. Waudby, who was the only class member arguably falling within the wording of the injunction.  Giving notice to one identified class member and his counsel is not impractical.  He was entitled to advance notice and a hearing, particularly given Respondents' ongoing efforts to hijack the New Jersey Action.

The claim that Mr. Waudby was not entitled to notice because his interests were represented by appointed class counsel is facially absurd.  Respondents are claiming that by giving notice to themselves, they are constructively giving notice to Mr. Waudby that they intend to take actions contrary to his interests.  If that were the case, Respondents' counsel would have an irreconcilable and unwaiveable conflict of interest because he could not zealously represent

8

Respondents' interests in obtaining an injunction and Mr. Waudby's interests in opposing the same injunction in the same proceeding. *See, e.g., Greene v. Greene*, 47 N.Y.2d 447, 451-52, 391 N.E.2d 1355, 1357-58, 418 N.Y.S.2d 379, 381-82 (1979). Clearly, New York's ethical rules would prohibit Respondents' counsel giving notice to themselves that they were going to seek relief against a class member. It is fundamentally unfair to have one's interests represented by an adversary.

More importantly, Mr. Waudby is not represented by Respondent's counsel. He is, as Respondents well know, represented by Interim Class Counsel appointed in the United States District Court, District of New Jersey. Since Respondents were seeking *in personam* relief against Mr. Waudby, they had an absolute duty to serve his counsel with their moving papers. Their failure to do so is unforgiveable and fatal to their application. Further, the fact that the arbitrator was willing to entertain and execute such an order casts serious doubt on the propriety of the entire proceedings before him.

The fact that Mr. Waudby may get notice of the injunction after the fact before it is enforced, or has the opportunity to opt out of the class, does not cure his entitlement to notice and a hearing before the relief was granted. The injunction should not have been entered in the first instance and Mr. Waudby had the due process right to oppose it beforehand. Further, the right to opt out of the class is no relief at all. The injunction allows a class member who opts out of the class to only pursue an individual action. As is set forth more fully in Mr. Waudby's brief filed in the New Jersey Action, (Hwang Dec., Ex. 4 at 17-27), requiring a class member to pursue an individual action provides no remedy at all because an individual action, whether in court or in arbitration, is not economical to bring. Respondents wish to cast any class member who opts out of the class into the same abyss that Verizon is seeking to cast Mr. Waudby in the New Jersey Action.

9

For all of these reasons, the arbitrator's injunction may not be confirmed and enforced because it was issued without due process to Mr. Waudby. This constitutes "misbehavior by which the rights of any party have been prejudiced", contrary to 9 U.S.C. § 10(c)(3).

### ii)    **The Arbitrator Exceeded A Court's Authority In Issuing The Injunction**

Further, even if Mr. Waudby had been given notice, Respondents are not entitled to a do-over before the arbitrator, giving Mr. Waudby notice and an opportunity to be heard the second time around. The arbitration award cannot be confirmed, whether now or later, because the arbitrator exceeded his powers when issuing an injunction from proceeding with the New Jersey action. The arbitrator would have no such authority even if he were a judge. As a result, the arbitration award cannot be confirmed because the arbitrator exceeded his powers. 9 U.S.C. § 10(a)(4).

Under the circumstances, whether the arbitrator had authority to issue the underlying injunction should be subject to *de novo* review. For the reasons set forth below, the arbitrator's power to issue an injunction against other litigation is circumscribed by statute and case law. If the arbitrator exceeded those powers, then he exceeded those powers, whether the powers were exceeded by a little or a lot. The arbitrator cannot be granted additional powers to grant injunctions via the application of a deferential standard of review. To put it another way, regardless of what the arbitrator believed his powers to issue injunctions were, reasonably or otherwise, the Court's own powers to enjoin other pending actions are limited, and, thus, the Court can only enforce the arbitrator's award to the extent of its own powers.

Verizon's form Customer Agreement provides that an arbitrator "can award the same damages and relief, and must honor the same limitations in this agreement, as a court would." (Bursor Dec., Ex. 1 at 1). Thus, under the terms of the Agreement, the arbitrator has the same, but not more, power to issue injunctive relief as this Court. Contrary to the positions taken by both

Respondents and Verizon, the arbitrator's authority is not analogous to a federal court's authority to enjoin state court proceedings. Quite obviously, the *Waudby* action is pending in federal court. Thus, the arbitrator's authority is analogous to a federal court's authority to enjoin an action pending in another federal court, and that is only because Respondents must come to federal court to have it confirmed and enforced. The arbitrator himself has no inherent authority to restrain a federal court or the parties before a federal court.

The Court's authority to enjoin other proceedings derives from the All Writs Act, 28 U.S.C. § 1651(a), which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Court's inherent authority to issue injunctions against other litigation is coextensive with the All Writs Act. *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1360 (5th Cir. 1978). Under appropriate circumstances, a federal court may enjoin proceedings in another federal court in order to protect its jurisdiction. *See In re March*, 988 F.2d 498, 500 (4th Cir. 1993)(Va. district court enjoined parties from pursuing litigation in N.Y. bankruptcy court to protect prior order granting secured creditor relief from automatic stay.); *In re Managed Care Litigation*, 236 F.Supp.2d 1336, 1339-40 (S.D.Fla. 2002)(enjoining settlement of class action in other district in order to protect jurisdiction granted by MDL panel); *Chauffeurs, Teamsters & Helpers, Local 301 v. Holland*, 732 F.Supp. 918, 920 (N.D.Ill. 1990)(N.Y. district court had authority to enjoin parties from proceeding in Ill. district court in order to protect jurisdiction over enforcement of N.Y. consent decree). Cases interpreting the Anti-Injunction Act[4] are instructive on cases involving a court's authority under the All-Writs

---

[4]    The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Act because of the parallel language in the two statutes regarding the court's authority to "aid its jurisdiction". *Peters v. Brants Grocery*, 990 F.Supp. 1337, 1341 n. 3 (M.D.Ala 1998).

The law is well-settled that a parallel *in personam* action seeking liability against the same parties does not impair or defeat the jurisdiction of the court. *Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 426 (2d Cir. 2004)(*quoting Kline v Burke Construction Co.*, 260 U.S. 226, 230 (1922)). "We have never viewed parallel in personam actions as interfering with the jurisdiction of either court." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 642 (1977). A federal district court cannot enjoin proceedings in another court because the other court may decide the same issues before it does.

> As an initial matter, we note that a federal district court, even assuming it has some interest in avoiding delay in its own proceedings, has no interest -- no interest that can be vindicated by the exercise of the federal injunction power -- in being the *first* court to hold a trial on the merits. We have held that a district court may not issue an injunction simply to be the first court to reach a judgment and thereby avoid issues of collateral estoppel:
>
> There is no reason why [a] state court cannot or should not determine issues of fact and state law relevant thereto as they come up in the state litigation. The subsequent effect of collateral estoppel, far from requiring the federal court to stay proceedings in the state court, is a result which should be welcomed to avoid the task of reconsidering issues which have already been settled by another competent tribunal.

*Retirement Systems*, 386 F.3d at 429 (*quoting Vernitron Corp. v. Benjamin*, 440 F.2d 105, 108 (2d Cir. 1971)). A parallel suits seeking an interpretation of the same contract does not impair a federal court's jurisdiction or its ability to render justice. *Klein, id.*; *Standard Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir. 1990); *SR International Business Insurance Co., Ltd. v World Trade Center Properties, LLC*, 445 F.Supp. 356, 361 (S.D.N.Y. 2006). Ordinarily, "each court is free to proceed in its own way and in its own time, without reference to proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application

of the principle of *res adjudicata* by the court in which the action is still pending." *In re Diet Drugs Products Liability Litigation*, 282 F.3d 220, 234 (3d Cir. 2002)(*quoting Kline*, 260 U.S. at 230).

The cases cited in Respondents' Reply Brief (Respondents' Reply Brief at 6-9) follow the above rules, but under different facts. Each of the cited cases involved a two-party dispute where one party had begun a civil action in state court and the other party sought to compel arbitration.[5] In each of the cases, the Court compelled arbitration and enjoined the pending state court litigation pursuant to the Anti-Injunction Act in aid of its jurisdiction to compel arbitration and/or to effectuate its judgment compelling arbitration.[6] *See Reliance National Insurance Co. v. Seismik Risk Insurance Services*, 962 F.Supp. 385, 390 (S.D.N.Y. 1997); *Nuclear Electric Insurance Limited v. Central Power and Light Co.*, 926 F.Supp. 428, 436 (S.D.N.Y. 1996); *Ferrari North America, Inc. v. Crown Auto Dealerships*, 1995 WL 614558 at *5 (S.D.N.Y. 1995); *Pervel Industries, Inc. v. TM Wallcovering, Inc.*, 675 F.Supp. 867, 870 (S.D.N.Y. 1987); *Hunt v. Mobil Oil Corp.*, 557 F.Supp. 368, 372 (S.D.N.Y. 1983); *Network Cineman Corp. v. Glassburn*, 357 F.Supp. 169, 172 (S.D.N.Y. 1973); *In re Necchi Sewing Machine Sales Corp.*, 260 F.Supp. 665, 669 (S.D.N.Y. 1996). This is quite reasonable, since an order compelling arbitration is worthless if the party being compelled to arbitrate can continue to prosecute a separate pending civil action. The cases are also inapplicable to the facts here because the arbitrator was not ruling on a motion to compel arbitration. A motion to compel arbitration must

---

[5]     The *Hunt* case involved multiple parties, but the parties to the arbitration proceedings and the civil action were the same.

[6]     *Paramedics Eletromedicina Commercial LTDA v. GE Medical Systems Information Technologies*, 2003 WL 23641529 (S.D.N.Y. 2003) and *International Fashion Products B.V. v. Calvin Klein, Inc.*, 1995 WL 92321 (S.D.N.Y. 1995) involved pending foreign civil actions which were enjoined under similar reasoning.

13

go to a court in the first instance.  The motion to compel Mr. Waudby to arbitrate is pending in

New Jersey and will be decided in that federal court proceeding.  Moreover, in each of these

cases, the party seeking relief was the party who was being forced to litigate in two different

forums.  Here, the party being forced to litigate in two different forums, Verizon, is willing to do

so.  If Verizon wishes to fight a two-front war, Respondents have no right to complain.

Here, the arbitrator exceeded his powers by enjoining Mr. Waudby from proceeding with

the New Jersey Action.  Presently pending are parallel *in personam* actions, one in arbitration,

one in the District of New Jersey, involving the same claims, on behalf of similar classes, with

different class representatives.  There is nothing which has been decided or will be decided in the

New Jersey Action which will interfere with the arbitrator's ability to resolve the issues before

him.  The "dangers" which were the basis of the arbitrator's decision was that Mr. Waudby was

allegedly not competent to represent the class and they might reach an unacceptable (to

Respondents' counsel) settlement with Verizon.    The first issue was resolved against

Respondents' counsel in the New Jersey Action[7], and the latter is no basis for enjoining the New

Jersey Action.  If a class settlement is imminent, an action may be treated as an *in rem* action for

purposes of protecting the court's jurisdiction to approve or enforce the settlement.  *In re

Baldwin United Corp.*, 770 F.2d 328 (2d Cir. 1985). Further, as the Court well knows, any

settlement would have to be approved by the Court in open, fair proceedings in which all

interested parties would have the right Respondents denied Mr. Waudby, the right to be heard

and object.  However, it is readily acknowledged by all parties that settlement is not being

---

[7]     *See* Hwang Dec., Ex. 5 at 7  "While Carella Byrne are proven, high-powered litigators
involved in some of the most complex class-action lawsuits in the country, Scott A. Bursor,
while experienced, is a solo practitioner.  It would be untenable for the Court to permit Mr.
Bursor alone to represent the proposed class.  Although Movant's counsel argues that it is better
able to handle the case than the Carella Byrne team, the Court finds that Carella Byrne has acted

14

discussed, much less imminent.  As such, there is no authority which would allow one federal court to enjoin another federal court because of the possibility that, at an indefinite time in the future, a plaintiff might reach some settlement which could affect the action before the court.

Absent further back-door applications from Respondents' counsel, the arbitration and the New Jersey Action will proceed in their own way, in their own time, until one reaches judgment on the merits or is settled. If the case is decided on the merits in one forum, then the other forum can determine whether that decision would be binding under applicable *res judicata* principles. If the case is settled, it must be on notice to all class members and the class members can object to the adequacy of the settlement. The appointment of Mr. Waudby's counsel as Interim Class Counsel in no way affects the appointment of Respondents' counsel on behalf of the class in the arbitration.  It does not purport to replace Respondents' counsel in the arbitration.  The only reason we are here is to oppose the requested injunction.  The issue of whether the arbitration may proceed on a class basis is before this Court and will be decided in due course. We have no interest in injecting ourselves in that dispute. However, regardless of whatever decision may be rendered by Judge Wolfson in the New Jersey Action, it will have no effect upon Respondents' ability to proceed with arbitration, whatever this Court decides it may be.

Respondents go on at length as to how the denial of the right to arbitrate constitutes irreparable harm and that the very existence of the New Jersey Action is somehow fatal to their right to arbitrate.  However, they have failed to identify anything that Judge Wolfson might reasonably do in the New Jersey Action which would interfere with the arbitration going forward in accordance with this Court's instructions. Likewise, this Court's decision with respect to whether class arbitration should proceed will have no effect on the New Jersey action.  The fact

---

diligently and appropriately throughout their representation of this case and the pending Arbitration."

that the New Jersey Action might proceed to judgment faster than the arbitration and might lead to a different result is no interference with the arbitrator's jurisdiction under well-settled law.

As a result, the arbitrator exceeded his authority in enjoining Mr. Waudby from proceeding with the New Jersey Action.  The arbitration award cannot be confirmed.

## <u>CONCLUSION</u>

For the reasons set forth herein, Respondents' application to enforce the arbitration award enjoining Mr. Waudby from proceeding with the New Jersey action should be denied.

> CARELLA, BYRNE, BAIN, GILFILLAN,
> CECCHI, STEWART & OLSTEIN
> Attorneys for Plaintiff
> JOHN WAUDBY
>
>
> By: ____/s/ Lindsey H. Taylor_____
>      LINDSEY H. TAYLOR

Dated: March 24, 2008

17

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
William M. Sweetnam
Eric C. Brunick
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Jonathan Shub
Scott Alan George
SEEGER WEISS
550 Broad Street
Newark, New Jersey 07102
(973) 639-9100

Richard J. Burke
RICHARD J. BURKE LLC
1010 Market Street, Suite 660
St. Louis, Missouri 63101
(314) 880-7000

Attorneys for Plaintiff
JOHN WAUDBY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC.<br><br>Petitioners,<br><br>v.<br><br>PATRICIA BROWN, HAROLD P. SCHROER and DAWN M. ZOBRIST, on an individual basis and on behalf of others similarly situated<br><br>Respondents. | Docket No. 08-CV-427 (RWS)<br><br><br><br>**DECLARATION OF<br>LINDSEY H. TAYLOR** |

LINDSEY H. TAYLOR, ESQ., of full age, hereby declares as follows:

1.     I am a member of the bar of this Court and am counsel to Carella, Byrne, Bain,

Gilfillan, Cecchi, Stewart & Olstein, co-counsel for John Waudby in the civil action encaptioned

*John Waudby, individually and on behalf of all others similarly situated v. Verizon Wireless*

*Services LLC, et al.,* Civil Action No. 07-470(FLW)(the "New Jersey Action"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2.    Annexed hereto as Exhibit A is a true copy of an email and attached letter and proposed form of order which was emailed to Judge Wolfson in the New Jersey Action on Wednesday, March 19, 2008 by Respondent's counsel's local counsel informally requesting a stay of the New Jersey Action pending a hearing in this Court on Respondents' Order to Show Cause.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____/s/ Lindsey H. Taylor_____
LINDSEY H. TAYLOR

Dated: March 24, 2008

# Exhibit A

## Lindsey H. Taylor

| | |
|---|---|
| **From:** | Jennifer Sarnelli [jsarnelli@ldgrlaw.com] |
| **Sent:** | Wednesday, March 19, 2008 5:16 PM |
| **To:** | njdnef_wolfson@njd.uscourts.gov |
| **Cc:** | Hwang, Hojoon; Blavin, Jonathan; Paul Weiss; SchleifsteinT@gtlaw.com; Billy; George, Scott; Joseph J. DePalma; James Cecchi; Richard J. Burke; dbuchanan@seegerweiss.com; Dan Cohen; Geraldw@lakinlaw.com; David Pastor; jgoldstein@magergoldstein.com; Lindsey H. Taylor; Faruqi,Nadeem; Adam Gonnelli; avozzolo@faruqilaw.com; Scott A. Bursor; phil@bockhatchllc.com; Weissmann, Henry; Jennifer Sarnelli |
| **Subject:** | RE: Wauby v. Verizon Wireless Services, Civ. No. 07-470 (FLW) |

**Attachments:** Letter to Judge Wolfson.pdf; Order on Informal Application.pdf

Attached please find correspondence from Counsel for Intervenor Brian Thormann in the above referenced matter.   If you have any trouble opening these attachments please contact me at 973-623-3000.

Thank you,

Jennifer Sarnelli

Jennifer Sarnelli, Esq.
Lite DePalma Greenberg & Rivas
Two Gateway Center, 12th Floor
Newark, NJ 07102
973.623.3000
jsarnelli@ldgrlaw.com

**This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections.  If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



LITE DePALMA
GREENBERG & RIVAS, LLC
ATTORNEYS AT LAW

TWO GATEWAY CENTER, 12TH FLOOR
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
WWW.LDGRLAW.COM

March 19, 2008

**SENT VIA E-MAIL**

Hon. Freda L. Wolfson, U.S.D.J.
United States District Court for the District of NJ
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

> Re:   **Waudby v. Verizon Wireless Services, LLC, et al.**
>        **Civil Action No. 07-0470 (FLW)**

Dear Judge Wolfson:

We represent proposed intervenor Brian Thormann along with the law offices of Scott A. Bursor and Faruqi & Farqui in the above referenced matter. Enclosed please find a courtesy copy of an Order to Show Cause which was signed by Judge Sweet in the Southern District of New York. A hearing has been scheduled for March 26, 2008 regarding that matter.

In the interests of judicial economy and comity, we respectfully request that Your Honor stay any matters pending in the above referenced matter while counsel await the outcome of the March 26, 2008 hearing in the Southern District of New York.

If you have any questions or concerns regarding the application please do not hesitate to contact me at (973) 623-3000.

Respectfully submitted,

Jennifer Sarnelli

JS:cd
Enclosure
cc:     Scott A. Bursor, Esq. (via e-mail) (w/enclosure)
        Anthony Vozzolo, Esq. (via e-mail) (w/enclosure)
        David R. Buchanan, Esq. (via e-mail) (w/enclosure)
        Scott A. George, Esq. (via e-mail) (w/enclosure)
        James E. Cecchi, Esq. (via e-mail) (w/enclosure)
        Lindsey H. Taylor, Esq. (via e-mail) (w/enclosure)
        Todd Lawrence Schleifstein, Esq. (via e-mail) (w/enclosure)

173717 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS
and VERIZON COMMUNICATIONS INC.,

                                    Petitioners,

-against-

PATRICIA BROWN, HAROLD P. SCHROER, and
DAWN M. ZOBRIST, on an individual basis and on
behalf of others similarly situated,

                                    Respondents.

---

No. 08 CV 00427 (LAK)

**ORDER TO SHOW CAUSE FOR
PRELIMINARY INJUNCTION
AND TEMPORARY
RESTRAINING ORDER**

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:** _____
**DATE FILED:** 3|17|08

Upon the Declaration of Scott A. Bursor, sworn to the 14th day of March, 2008,

and upon the copy of the Partial Final Award Enjoining Class Members From Bringing Or

Prosecuting Conflicting Class Actions (hereafter, the "Partial Final Award") hereto annexed, it is

ORDERED, that the Petitioner, Cellco Partnership d/b/a Verizon Wireless, show

cause before a motion term of this Court, at Room _18 C_, United States Courthouse, 500 Pearl

Street, in the City, County and State of New York, on _March 26, 2008_, at

_____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be

heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil

Procedure enjoining any party during the pendency of this action from violating the injunction

set forth in the Partial Final Award; and it is further

ORDERED that, sufficient reason having been shown therefore, pending the

hearing of plaintiff's application for a preliminary injunction and/or confirmation of the Partial

Final Award, pursuant to Rule 65, Fed. R. Civ. P., all parties are temporarily restrained from violating the injunction set forth in the Partial Final Award; and it is further

ORDERED that service of a copy of this order and annexed declaration upon counsel for all interested parties on or before _____5_____ o'clock in the afternoon, March 17, 2008 shall be deemed good and sufficient service thereof.

DATED: New York, New York

ISSUED: __11_____ ᴾM

_____
United States District Judge

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN WAUDBY, individually and on behalf of all others similarly situated, | : |
| | : Civ. Act. No. 07-0470 (FLW) (JJH) |
| Class Plaintiff, | : |
| v. | : **ORDER ON INFORMAL** |
| | : **APPLICATION** |
| | : |
| VERIZON WIRELESS SERVICES, LLC and CELLCO | : |
| PARTNERSHIP, d/b/a VERIZON WIRELESS, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

This matter having come before the Court upon the letter application of Proposed

Intervenor, Brian Thormann, requesting that the Court stay any matters pending in this action

pending the outcome of the March 26, 2008 hearing in the Southern District of New York and

the Court having considered the letter and attached Order to Show Cause entered by the Southern

District of New York,

IT IS ON THIS ___ DAY OF _____, 2008

ORDERED that the instant case is stayed pending the outcome of the March 26, 2008

hearing in the Southern District of New York.

_____
Honorable Freda L. Wolfson, U.S.D.J.

173738 v1                                    1