LAW OFFICES OF SCOTT A. BURSOR
500 Seventh Avenue, 10th Floor
New York, NY 10018
(212) 989-9113 (tel)
(212) 989-9163 (fax)
scott@bursor.com

March 31, 2008

*By facsimile*

Hon. Robert W. Sweet
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007
212-805-7925 (fax)


Re:   *Cellco Partnership d/b/a Verizon Wireless v. Brown*,
      Case No. 08 CV 00427 (RWS)


Dear Judge Sweet:

    I have Mr. Weissmann's letter of today offering "further thoughts" on how Verizon might avoid a prompt ruling in this matter by suggesting a transfer to another district rather than a decision on the pending motions. During oral argument on March 26, 2008, I explained how Verizon's conduct in this matter has been characterized by a history of seeking transfers in order to avoid adverse rulings.

    In 2005 Verizon sought to transfer the matter to arbitration to avoid adverse rulings from the Florida court. When Brown filed in arbitration, Verizon ran back to the Florida court seeking to stay the arbitration. When the Florida court was about to deny that motion, Verizon withdrew it, stating "***Verizon Wireless agrees that the question whether the contract language permits class arbitrations, as well as the other threshold questions that Verizon Wireless has presented to this Court, may be decided by the arbitrator.***" 7/25/05 Letter from K. Myles to Hon. Elizabeth T. Maas, 1/29/08 Bursor Decl. Exh. 5, at 2 (emphasis added).

    Once the matter was teed up for the arbitrator to decide, Verizon then argued that it should be decided in New Jersey instead. *See* Class Determination Award at 32, 1/29/08 Bursor Decl. Exh. 1 ("Verizon argues that there is another putative class action pending in New Jersey commenced by a representative named Waudby and that … a Court is better able to deal with a class action regarding the enforceability of the $175.00 ETF than this Tribunal in Arbitration."). The Arbitrator recognized that Verizon was trying to spin us on a merry-go-round, and properly rejected that argument. *See id.* ("***Verizon asked that this matter be sent to arbitration after Claimants began state court proceedings. Thus, Verizon argued to***

**LAW OFFICES OF SCOTT A. BURSOR**                                                                 page 2

*a Court that the matter was better adjudicated in arbitration and now argues to the arbitrator that the matter is better adjudicated in Court.*") (emphasis added).

      At oral argument on March 26, I compared Verizon's conduct to that of a fighter pilot ejecting from a plane just before it crashes. Something Verizon has done time and again through the five-plus years that this action has been pending, in jurisdiction after jurisdiction. Now Verizon is apparently unhappy with how the matters are progressing in this Court, and Verizon is trying the same maneuver again. The Court should not go along with this tired trick.

      First, Mr. Weissmann's letter misstates the facts. Mr. Weissmann states that "Respondents went to Judge Wolfson and asked her to grant essentially the same relief" as is presently being sought in connection with the OSC pending in this Court. Weissmann Letter at 2. That is false. The Respondents in this action are Patricia Brown, Harold P. Schroer, and Dawn M. Zobrist. None of them have ever asked Judge Wolfson for any relief whatsoever. Nor have they participated in the New Jersey case in any way. Mr. Weissmann knows this, but has deliberately misrepresented to this Court that the "Respondents went to Judge Wolfson."

      Second, we are unaware of any authority that would countenance a transfer under 28 U.S.C. § 1404(a) in the circumstances present here. No motion to transfer has been made. And we believe it would be unprecedented, in these circumstances, for the Court to transfer the matter sua sponte.

      Third, Verizon chose to file its petition to vacate in this Court. Verizon did not file in Florida where the action originated. Verizon did not file in New Jersey, where the *Waudby* case was pending. Verizon had a choice where to file, and it chose this District. Verizon should be held to that choice, and should not be permitted to spin the wheel yet again.

      Respondents' motion to dismiss has been fully briefed and argued. So too has Verizon's motion to vacate the Class Determination Award. So too has Respondents' motion for an OSC to confirm and enforce the Partial Final Award enjoining class members from prosecuting conflicting class actions. The parties have gone to great effort to brief and argue these motions to this Court. Verizon's sharp tactics and repeated forum shopping threaten certain delay in a proceeding which is supposed to be expedited. With the matters fully briefed and awaiting decision by this Court, Verizon again seeks to push the eject button before a ruling can be made, to flee to a new jurisdiction, or to spin the merry-go-round one more time – depending on your preferred metaphor. Respondents are tired of being run around in circles. We are entitled to a decision by this Court.

      A transfer would be a non-decision certain to cause further undue delay. It would also be inconsistent with the Second Circuit's direction that hearings on matters concerning ongoing arbitrations "should be held on short notice and the matter should be decided summarily." *Companis Panemena Maritima San Gerasimo, S.A. v. J. E. Hurley Lumber Co.*, 244 F.2d 286, 290 (2d Cir. 1957). It would also be inconsistent with the FAA, which the

**LAW OFFICES OF SCOTT A. BURSOR** page 3

Supreme Court recently described again as a statute that provides for "***expedited*** judicial review to confirm, vacate, or modify arbitration awards." *Hall Street Associates v. Mattel, Inc.*, 2008 WL 762537, at *2 (U.S. Mar. 25, 2008) (emphasis added). After full briefing and argument, a non-decision transferring these matters to another district would not be expeditious.

Respondents, therefore, urge this Court to reject Verizon's invitation for more delay. The arbitrator has deferred the issuance of notice to the class, for the time being, to await this Court's decision on the pending motion to dismiss and pending motion to vacate. These motions, along with the motion seeking confirmation of the Partial Final Award enjoining class members from prosecuting conflicting class actions, should be decided in this Court, right away, so that the arbitration can move forward without further undue delay.

Very truly yours,

Scott A. Bursor

Copy to:

Henry Weissmann, Esq., 213-687-3702 (fax)
Lindsey H. Taylor, Esq., 973-994-1744 (fax)