MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

ROBERT K. JOHNSON'
ALAN V. FRIEDMAN'
RONALD L. OLSON'
RICHARD B. VOLPERT
DENNIS C. BROWN'
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
ROBERT L. ADLER
CARY B. LERMAN
CHARLES D. SIEGAL
RONALD K. MEYER
GREGORY P. STONE
VILMA S. MARTINEZ
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEVEN L. GUISE'
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARK T. O DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
JEFFREY L. BLEICH

GARTH T. VINCENT
TED DANE
MARK SHINDERMAN
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
RICHARD E. DROOYAN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
BURTON A. GROSS
KEVIN S. MASUDA
HOJOON HWANG
KRISTIN S. ESCALANTE
DAVID C. DINIELLI
ANDREA WEISS JEFFRIES
PETER A. DETRE
PAUL J. WATFORD
OANA S. TREISTER
CARL H. MOOR
DAVID M. ROSENZWEIG
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
J. MARTIN WILLHITE
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
SUSAN R. SZABO
LINDA S. GOLDMAN
NATALIE PAGES STONE
FRED A. ROWLEY, JR.
JOSEPH S. KLAPACH
MONIKA S. WIENER
LYNN HEALEY SCADUTO
RANDALL G. SOMMER

AARON M. MAY
SHONT E. MILLER
MARIA SEFERIAN
MANUEL F. CACHÁN
ERIC J. LORENZINI
KATHERINE K. HUANG
KATHERINE M. FORSTER
ROSEMARIE T. RING
JOSEPH J. YBARRA
BLANCA FROMM YOUNG
ÖZGE GÜZELSU
KATE K. ANDERSON
ALISON J. MARKOVITZ
E. DORSEY HEINE
SAMUEL N. WEINSTEIN
PAUL M. ROHRER
KIT JOHNSON
JAY K. GHIYA
SUSAN TRAUB BOYD
JENNIFER L. POLSE
TODD J. ROSEN
DANIEL L. GEYSER
BRIAN R. HOCHLEITNER
DEAN N. KAWAMOTO
GRANT A. DAVIS-DENNY
E. MARTIN ESTRADA
JASON RANTANEN
AMY C. TOVAR
REBECCA GOSE LYNCH
JONATHAN H. BLAVIN
JOHN R. GRIFFIN
KAREN J. FESSLER
MICHELLE T. FRIEDLAND
J. RAZA LAWRENCE
LIKA C. MIYAKE
MELINDA EADES LEMOINE
ANDREW W. SONG
DANIEL A. BECK
YOHANCE C. EDWARDS
JULIE D. CANTOR
SETH GOLDMAN
FADIA ISSAM RAFEEDIE
DANIEL J. POWELL
DANIEL B. LEVIN
JOSHUA P. GRODAN
VICTORIA L. BOESCH
HAILYN J. CHEN
BRAO SCHNEIDER

DAVID W. SWIFT
JEAN Y. RHEE
ALEXANDRA LANG SUSMAN
GENEVIEVE A. COX
MIRIAM KIM
MISTY M. SANFORD
BRIAN P. DUFF
AIMEE FEINBERG
JOEL D. WHITLEY
JEFFREY E. ZINSMEISTER
MONICA GIGGS MANGE
KATHERINE L. HALL
KATHERINE KU
KIMBERLY A. CHI
SHOSHANA E. BANNETT
TINA CHAROENPONG
TERI-ANN E.S. NAGATA
ADAM B. BADAWI
ASHFAQ G. CHOWDHURY
LEE S. TAYLOR
DEREK J. KAUFMAN
KIMBERLY D. ENCINAS
MARCUS J. SPIEGEL
GABRIEL P. SANCHEZ
BETHANY C. WOODARD
PAULA R. LEVY
CONNIE Y. CHIANG
DAVID O. YANG
WILLIAM E. CANO
EMILY PAN
BILL WARD
HENRY E. ORREN
MATTHEW J. SPENCE
BENJAMIN H. HOWELL
WESLEY SHIH
JACOB S. KREILKAMP
PAUL J. KATZ
ARIEL A. NEUMAN

RICHARD D. ESBENSHADE'
ALLISON B. STEIN
PETER R. TAFT'
OF COUNSEL

E. LEROY TOLLES
RETIRED

'A PROFESSIONAL CORPORATION

WRITER'S DIRECT LINE
(213) 683-9150
(213) 683-5150 FAX
Henry.Weissmann@mto.com

July 11, 2008

**VIA ECF AND FACSIMILE**

Honorable Robert W. Sweet
United States District Judge
United States District Court for the
   Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:   Cellco Partnership d/b/a Verizon Wireless v. Brown, No. 08 CV 427
      (RWS)

Dear Judge Sweet:

   We wish to inform you that Verizon Wireless and claimants Patricia Brown and Harold Schroer have reached a settlement of all claims asserted in the underlying arbitration that is the subject of this action. As a result, the parties request that the Court stay all proceedings in this matter, including consideration of the pending motion to vacate the Class Determination Award, the motion to dismiss the petition to vacate, and the cross-motions concerning the Partial Final Award.

   The settlement agreement is between Verizon Wireless, on the one hand, and claimants Ms. Brown, Mr. Schroer, and the plaintiffs in *Molly White et al. v. Cellco Partnership db/a Verizon Wireless*, Case No. RG04-137699, Superior Court of the State of California, Alameda County (the "California Action"). The proposed settlement class includes all persons in the United States who are or were parties to a wireless service contract with Verizon Wireless

MUNGER, TOLLES & OLSON LLP

Honorable Robert W. Sweet
July 11, 2008
Page 2

that includes or included a provision for a flat-rate early termination fee since July 23, 1999. The parties to the Settlement also agreed to cooperate in seeking the dismissal of all other actions, including this case and the underlying arbitration.

The California court's order preliminarily approving the settlement is enclosed herewith. Promptly upon final approval of the settlement by the California court, the parties to the Settlement intend to move this Court for an order vacating the Class Determination Award and Partial Final Award and directing the arbitrator to dismiss the arbitration action with prejudice.

I am authorized to state that Scott Bursor, who has been designated lead counsel for the claimants in the arbitration, joins in this request for stay.

Respectfully submitted,

Henry Weissmann

Enclosure
cc: Service List

5474269.1

ENDORSED
FILED
ALAMEDA COUNTY

JUL 11 2008

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MOLLY WHITE and CHRISTINA NGUYEN, on behalf of themselves and all others similarly situated, | CASE NO. RG04-137699 |
| Plaintiffs, | Assigned to: Judge Bonnie Sabraw |
| vs. | **[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |
| CELLCO PARTNERSHIP D/B/A/ VERIZON WIRELESS, | |
| Defendant | |

1    WHEREAS, Plaintiffs in the above-captioned action, Molly White and Christina

2    Nguyen, and claimants Patricia Brown and Harold P. Schroer in the action entitled *Brown,*

3    *Zobrist & Cellco Partnership d/b/a Verizon Wireless*, American Arbitration Association, Case

4    Nos. 11 494 01274 05 and 11 494 0032 05, and Defendant Cellco Partnership d/b/a Verizon

5    Wireless ("Verizon Wireless") have reached a proposed settlement and compromise of the

6    disputes between them in the above actions, which is embodied in the Settlement Agreement filed

7    with the Court;

8    WHEREAS, the Parties have applied to the Court for preliminary approval of the

9    proposed Settlement of the Action, the terms and conditions of which are set forth in the

10    Settlement Agreement;

11    AND NOW, the Court, having read and considered the Settlement Agreement and

12    accompanying documents and the Motion For Preliminary Settlement Approval and Supporting

13    Papers, and the Parties to the Settlement Agreement having consented to the entry of this order,

14    and all capitalized terms used herein having the meaning defined in the Settlement Agreement, IT

15    IS HEREBY ORDERED AS FOLLOWS:

16    1.    Subject to further consideration by the Court at the time of the Final

17    Approval Hearing, the Court preliminary approves the Settlement as fair, reasonable and adequate

18    to the Settlement Classes, as falling within the range of possible final approval, and as meriting

19    submission to the Settlement Classes for its consideration.

20    2.    For purposes of the Settlement only, the Court certifies the Settlement

21    Classes, which consist of

22    a.    The "ETF Assessed Class," defined as all persons in the United

23    States who were parties to a contract for a wireless telephone personal account and were billed a

24    Flat-Rate ETF by Verizon Wireless and/or its legacy companies from July 23, 1999 until the date

25    that Publication Notice commences under the terms of the Settlement Agreement. The ETF

26    Assessed Class includes such persons whether or not they paid any portion of the ETF, either to

27    Verizon Wireless or to any outside collection agency.

28    b.    The "Subscriber Class," defined as all persons in the United States

1    who were or are parties to a contract for a wireless telephone personal account with Verizon

2    Wireless and its legacy companies that included or includes a provision for a Flat-Rate ETF from

3    July 23, 1999 until the date that Publication Notice commences under the terms of the Settlement

4    Agreement.

5              3.    The Court preliminarily finds, solely for purposes of considering this

6    Settlement, that the requirements of Cal. Code Civ. Proc. § 382 appear to be satisfied, including

7    requirements for the existence of an ascertainable class, a community of interest, and

8    manageability of the Settlement Classes, that common issues of law and fact predominate, and

9    that a settlement class is superior to alternative means of resolving the claims and disputes at

10   issue in this action.

11             4.    The Court appoints Bramson, Plutzik, Mahler, & Birkhaeuser, LLP,

12   Coughlin Stoia Geller Rudman & Robbins LLP, Law Offices of Scott A. Bursor, and Franklin &

13   Franklin APC as Class Counsel for purposes of this settlement.  The Court preliminarily finds that

14   the Class Representatives and Class Counsel fairly and adequately represent and protect the

15   interests of the absent Settlement Class Members in accordance with Cal. Code Civ. Proc. § 382.

16             5.    A Final Approval Hearing shall be held before this Court at 2:00 pm. on

17   _October 21_ 2008 in Dept. 22 of the Alameda County Superior Court, to address: (a)

18   whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and

19   whether the Final Approval Order and Judgment should be entered; (b) whether Class Counsel's

20   application for attorneys' fees, costs, expenses and incentive awards should be approved; and (c)

21   whether the Proposed Plan of Allocation submitted by Plaintiffs should be approved.

22   Consideration of any application for an award of attorneys' fee, costs, expenses and incentive

23   awards and of the Proposed Plan of Allocation shall be separate from consideration of whether or

24   not the proposed Settlement should be approved, and from each other, and shall be embodied in

25   separate orders.

26             6.    With the exception of such proceedings as are necessary to implement,

27   effectuate and grant final approval to the terms of the Settlement Agreement, all proceedings are

28   stayed in this Action and all Settlement Class Members are enjoined from commencing or

- 2 -

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

1   continuing any action or proceeding in any court or tribunal asserting any claims encompassed by

2   the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for

3   Exclusion as defined in the Settlement Agreement.

4          7.     The Court approves, as to form and content, the Mail Notice and long and

5   short-form Publication Notices, substantially in the forms attached as Exhibits C, D, and E to the

6   Settlement Agreement and Exhibits A, B, and C hereto, respectively.

7          a.     Mail Notice will be provided to those members of the ETF

8   Assessed Class whom Verizon Wireless's records indicate paid an ETF (2004 to present). The

9   Parties and the Settlement Administrator shall cooperate to take reasonable measures to eliminate

10   duplicative entries, with the objective of ensuring to the extent practicable that any Person or

11   Account who is a member of the ETF Assessed Class receives not more than one Mail Notice

12   even if such Person or Account was assessed more than one ETF.

13          b.     The long-form Publication Notice will be published on the Internet.

14   The short-form Publication Notice will be published as follows:

15       The Wall Street Journal – four (4) consecutive weeks;

16       USA Today – four (4) consecutive weeks;

17       Los Angeles Times – four (4) consecutive weeks;

18       Vista Magazine – one issue;

19       San Diego Tribune – four (4) consecutive weeks;

20       Sacramento Bee – four (4) consecutive weeks;

21       Modesto Bee – four (4) consecutive weeks;

22       Fresno Bee – four (4) consecutive weeks;

23       Press-Enterprise – four (4) consecutive weeks;

24       Orange County Register – four (4) consecutive weeks;

25       San Francisco Chronicle – four (4) consecutive weeks.

26       New York Times – two (2) consecutive weeks;

27       Washington Post – two (2) consecutive weeks;

28       Atlanta Journal & Constitution – two (2) consecutive weeks;

- 3 -

1    Detroit Free Press – two (2) consecutive weeks;

2    Dallas Morning News – two (2) consecutive weeks;

3    Chicago Tribune – two (2) consecutive weeks.

4  No later than 10 days prior to the Final Approval Hearing, the Settlement Administrator shall file

5  with the Court declarations attesting to compliance with this Order.

6    8.    The Court finds that the Parties' plan for providing notice to the Settlement

7  Classes (the "Notice Plan") described in Article IV of the Settlement Agreement constitutes the

8  best notice practicable under the circumstances and shall constitute due and sufficient notice to

9  the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the

10  terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the

11  requirements of the California Rules of Court, the California Code of Civil Procedure, the

12  Constitution of the State of California, the United States Constitution, and any other applicable

13  law.

14    9.    The Court further finds that the Notice Plan described in Article IV of the

15  Settlement Agreement will adequately inform members of the Settlement Class of their right to

16  exclude themselves from the Settlement Class so as not to be bound by the terms of the

17  Settlement Agreement.  Any member of the Settlement Classes who desires to be excluded from

18  the Settlement Classes, and therefore not bound by the terms of the Settlement Agreement, must

19  submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a

20  timely and valid written Request for Exclusion, submitted online or postmarked at least twenty-

21  one (21) days prior to the date set for the Final Approval Hearing in paragraph 5 above.  Not later

22  than ten days before the Final Approval Hearing, the Settlement Administrator shall prepare and

23  deliver to Class Counsel, who shall file it with the Court, and Verizon Wireless's Counsel, a

24  report stating the total number of Persons that have submitted timely and valid Requests for

25  Exclusion from the ETF Assessed Class, and the names of such Persons.

26    10.    Any member of the Settlement Classes who elects to be excluded shall not

27  be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of

28  any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the

- 4 -

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

1    Settlement or appear at the Final Approval Hearing. The names of all Persons timely submitting

2    valid Requests for Exclusion shall be provided to the Court.

3            11.    Any Settlement Class Member who does not submit a valid and timely

4    Request for Exclusion may object to the Settlement Agreement, to Class Counsel's application

5    for attorneys' fees and costs, or to the proposed Plan of Allocation of Settlement Proceeds. Any

6    such Settlement Class Member shall have the right to appear and be heard at the Final Approval

7    Hearing, either personally or through an attorney retained at the Settlement Class Member's own

8    expense. Any such Settlement Class Member must file with the Court and serve, no later than

9    fourteen (14) days prior to the date of the Final Approval Hearing, a written notice of intention to

10   appear together with supporting papers including a detailed statement of the specific objections

11   made.

12           12.    Service of all papers on counsel for the Parties shall be made as follows:

13   for Class Counsel, to Alan Plutzik, Esq., Bramson, Plutzik, Mahler, & Birkhaeuser, LLP, 2125

14   Oak Grove Rd., Suite, 120, Walnut Creek, California 94598 and Scott A. Bursor, Esq., Law

15   Offices of Scott A. Bursor, 500 Seventh Avenue, 10th Floor, New York, New York 10018; and

16   for Defendants' Counsel, to Henry Weissmann, Esq., Munger, Tolles & Olson LLP, 355 South

17   Grand Avenue, 35th Floor, Los Angeles, California 90071. Only Settlement Class Members who

18   have filed and served valid and timely notices of intention to appear, together with supporting

19   papers, shall be entitled to be heard at the Final Approval Hearing.

20           13.    Any Settlement Class Member who does not make an objection in the time

21   and manner provided shall be deemed to have waived such objection and forever shall be

22   foreclosed from making any objection to the fairness or adequacy of the proposed settlement as

23   incorporated in the Settlement Agreement, the payment of attorneys' fees and costs, or the Final

24   Approval Order and Judgment.

25           14.    In the event that the proposed Settlement is not approved by the Court, or

26   in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order

27   and all orders entered in connection therewith shall become null and void, shall be of no further

28   force and effect, and shall not be used or referred to for any purposes whatsoever in this civil

- 5 -

1    action or in any other case or controversy; in such event the Settlement Agreement and all

2    negotiations and proceedings directly related thereto shall be deemed to be without prejudice to

3    the rights of any and all of the Parties, who shall be restored to their respective positions as of the

4    date and time immediately preceding the execution of the Settlement Agreement.

5              15.    The Court may, for good cause, extend any of the deadlines set forth in this

6    Order without further notice to the Settlement Class Members.  The Final Approval Hearing may,

7    from time to time and without further notice to the Settlement Class, be continued by order of the

8    Court.

9              **IT IS SO ORDERED.**

10

11

12   Dated:

                                        Honorable Bonnie Sabraw

13                                      Judge of the Alameda County Superior Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -